NORWOOD v. STATE.

(Division B. Oct. 10, 1938.)

[183 So. 523. No. 33272.]

**Ovie L. Berry,** of Mendenhall, and **Martin & Farr,** of Prentiss, for appellant.

900.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

Clyde Norwood, the appellant, was indicted in the Circuit Court of Simpson county, on an indictment which reads as follows, omitting the formal part: "Clyde Norwood, on the —— day of ——, 1937, in Simpson County, State of Mississippi, aforesaid, did then and there wilfully, unlawfully, feloniously and of his malice aforethought make an assault on one Lige McCollum, a human being with a deadly weapon, to-wit, a shot gun, and did then and there with said deadly weapon him, the said Lige McCollum, wilfully, unlawfully, feloniously and of his malice aforethought shoot hit and wound with the intent and in the attempt with said deadly weapon him the said Lige McCollum, to wilfully, unlawfully, feloniously and of his malice aforethought kill and murder. Against the peace and dignity of the State of Mississippi."

The appellant was put on trial, and, without reciting the evidence in detail, it was sufficient to show that he shot McCollum with intent to kill and murder, using a

shot gun, and himself being a sufficient distance from the person so shot to be in no danger of injury at his hands; and there was ample evidence to warrant the jury in believing he was in no danger from the said McCollum.

The indictment above recited was not demurred to, and on the trial the state procured an instruction reading as follows: ''The Court instructs the jury for the State that if you believe from the evidence in this case, beyond a reasonable doubt that the defendant did wilfully, unlawfully, feloniously and of his malice aforethought shoot, hit and wound the witness Lige McCollum, as testified about with the intent and in the attempt to wilfully, unlawfully feloniously and of his malice a-forethought kill and murder the said Lige McCollum, and in manner and form as charged in the indictment not in his self-defense, and at a time when he was in no real or apparent danger of losing his own life or suffering some great bodily harm at the hands of the said Lige McCollum then it is your sworn duty to find the defendant guilty as charged.''

The defendant procured very favorable instructions —indeed, more liberal than he was entitled to receive on the evidence. Some instructions asked by him were refused, but he received all to which he was entitled.

After the verdict for the State, finding the defendant guilty of the charge contained in the indictment, the defendant filed a motion in arrest of judgment on the following grounds: First, that the court was in error in refusing a peremptory instruction for the defendant; second, that the court was in error in refusing instructions 2 and 3, requested by the defendant; third, that the court was in error in overruling objections to the testimony offered on behalf of the sheriff's deputies, Willis and Brown, as indicated in the record; and fourth, that the court was in error in refusing the peremptory instruction, and allowing the case to go to the jury on a charge of assault and battery with intent to kill and

murder, for the reason that there was no such intent shown by the evidence.

The first three grounds, of course, are applicable to a motion for a new trial, but not to one in arrest of judgment. It is argued on the fourth ground that the indictment charged two offenses, to-wit, an assault with intent to kill and murder, and second, an assault in the attempt to kill and murder; and it is argued that the statute makes two separate offenses, punishable by different penalties, to-wit, section 787, Code of 1930, on intent to kill and murder; and section 793, defining an attempt to commit the offense, which fails or is prevented, despite the overt act towards its commission.

We think the proof in the record, and the indictment on which the defendant was tried, charge an offense with intent to kill and murder, under section 787, and not an offense under section 793 of the Code. But if it did charge two offenses, the defendant should have demurred, as the objection appeared on the face of the indictment; and such objections can only be made on demurrer where an offense is charged. Section 1206, Code of 1930.

It appears that many of the indictments about the specific offense of assault or assault and battery with intent to commit murder, use the words, "with intent and in the attempt." The distinction between a mere attempt to commit the offense of murder, and the offense of assault with intent to kill and murder, is that in the attempt statute any attempt by overt act to do an act that would, if completed, amount to murder, regardless of the specific intent to kill a specific person, is made out by doing such act as, if consummated, would amount to murder; such, for instance, as shooting in a public place where there are many people, without specific intent to kill any one of them or to kill anybody; the act being predicated upon recklessness and disregard of social duty, and fatally bent on mischief. The statute charging the crime with specific intent to kill and murder a

specified person is made out only by proof sufficient to find that the specific intent to kill existed—the specific intent to kill being the gist of the offense, or that which raises it from a mere misdemeanor to a felony. Intent to kill a specified person, accompanied by an overt act constituting an assault, is also, in a sense, an attempt to commit the crime; but there must be an intent accompanied by an overt act, to make out the offense under section 787 of the Code.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.