Betty Milan Davis was found guilty in the Circuit Court of Tunica County, Mississippi, on an indictment charging aggravated assault, and was sentenced to ten (10) years in custody of the Mississippi Department of Corrections. She has appealed to this Court, and assigns two errors in the trial below.
About 2:30 a.m. on August 21, 1982, appellant and Goldie Judd engaged in a fight at Grandberry's Cafe in Tunica County, Mississippi. It was discovered later that both women were armed. Bystanders separated the lady gladiators. Two of them were holding appellant and restraining her until someone shouted that Goldie had a gun, whereupon they immediately released her. Appellant took a handgun from her purse and began firing (four or five times) at, and in the direction of, Goldie. Lee Nie Washington, Goldie's boyfriend and escort, was in close proximity to her, and Washington was shot three (3) times, the bullets striking him in the left arm, wrist and thigh. Goldie also was hit by one of the bullets. After the shooting, appellant left Tunica County and went to Memphis where she remained for two weeks, thinking that she had killed Goldie. She voluntarily returned to Tunica County and was arrested upon a charge of aggravated assault.
 I. THE LOWER COURT ERRED IN ADMITTING TESTIMONY OF ANOTHER CRIME.
Appellant contends under this assignment that the lower court committed error in admitting testimony that Goldie was shot at the time of the Washington shooting, and in admitting testimony of appellant that she left Tunica County and went to Memphis for approximately two weeks. She claims that this testimony was evidence of other crimes and was reversible error. We disagree. Where the offense charged and other offenses offered in evidence are so connected as to constitute one transaction, the evidence is admissible. Gray v. State, 351 So.2d 1342 (Miss. 1977). The shooting of Washington and Goldie were so interwoven and close in point of time that they also constituted a part of the res gestae. *Page 610 
Appellant was asked on cross-examination what she did after the shooting, and her response was that she went to Memphis where she stayed for approximately two weeks, because she thought she had killed Goldie. The testimony was part of an orderly presentation of the State's case and was an explanation of where she went and what she did immediately after the shooting. It further explained the reason for the delay in apprehending, charging and arresting appellant. On redirect examination, counsel for appellant inquired of her why she went to Memphis and showed that she returned of her own volition.
We do not think that the lower court committed reversible error in admitting this testimony.
 II.
THE LOWER COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR A DIRECTED VERDICT SINCE THE STATE DID NOT PROVE THE CRIME CHARGED IN THE INDICTMENT.
Appellant contends that the indictment charges her with aggravated assault upon Washington in that she purposely and knowingly attempted to cause bodily injury to Washington with a deadly weapon. Washington testified on cross-examination that he and appellant did not know each other and there was no reason for appellant to shoot him, and, therefore, she did not intend to shoot him. The aggravated assault statute under which the indictment was drawn follows:
 § 97-3-7. Simple assault; aggravated assault.
 * * * * * *
 (2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years. . . .
Miss. Code Ann. § 97-3-7 (1972).
In Nelson v. State, 361 So.2d 343 (Miss. 1978), Nelson was convicted of aggravated assault in the shooting of Green, while at a local night spot in Morgan City, Mississippi. The shooting ensued after a short argument. Nelson contended that the pistol accidentally discharged and that his only purpose for drawing the pistol was to ward off Green. The Court referred to the pertinent part of the above aggravated assault statute, and, citing Smithv. State, 197 Miss. 802, 20 So.2d 701 (1945), Bruce v. State,349 So.2d 1068 (Miss. 1977), and other cases on the question, said the following:
 In our case the evidence shows that Green stepped on defendant's foot and, after a short argument, defendant invited Green to go outside with him. Once outside a pushing match ensued and ended when the defendant pulled his pistol and shot Green. Regardless of what defendant intended when he pulled the pistol and pointed it at Green, his act of pointing a loaded pistol at Green manifested extreme indifference to the value of human life, and clearly brings the act of defendant within the statutory crime of aggravated assault.
361 So.2d at 345.
We are of the opinion that the facts of this case, where the appellant shot four or five times indiscriminately, three of the bullets striking Washington, whom she did not know, constituted a violation of the aggravated assault statute and that the lower court was correct in denying the motion for a directed verdict of not guilty.
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur. *Page 1192