497 So.2d 75 (1986)
Calvin RUSSELL
v.
STATE of Mississippi.
No. 56596.
Supreme Court of Mississippi.
October 1, 1986.
Rehearing Denied November 19, 1986.
*76 R.L. Wong, Cleveland, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and SULLIVAN and ANDERSON, JJ.
WALKER, Chief Justice for the Court:
Calvin Russell was indicted for the murder of Gordan K. Gaines and tried in the Circuit Court of the Second Judicial District of Bolivar County. He was convicted and sentenced to life imprisonment. From that conviction he appeals; finding no error, we affirm.
On the evening of January 21, 1985, Gordan K. Gaines was playing pool with several other men at Stewart's Grocery in Cleveland, Mississippi. While Gaines was still playing pool, Calvin Russell came into Stewart's Grocery and told the men there that he had a hundred dollars ($100.00) in his pocket. Gaines suggested that if Russell indeed had that sum of money, then he should pay Gaines the five dollars ($5.00) he owed him. When Russell replied that he had been joking and didn't actually have the money, Gaines threatened to "kick his behind when he [saw] him again." Russell then left the grocery; Gaines left shortly thereafter and walked to a nearby night club, Frog's Place. Approximately one hour later Russell returned to Stewart's Grocery and inquired as to where Gaines was. When asked why he wanted Gaines, Russell stated that he wanted to kill him. Later that same evening, Russell went to Frog's place. He was there for only moments. As he left he pointed his finger at Gaines and said, "I've got more for you if that don't do you." Patrons of the club then saw Gordan Gaines pull a knife out of his shoulder. No one had seen the stabbing. Gaines was taken by ambulance to the Bolivar County Hospital, where he was pronounced dead.
After Russell left Frog's Place, he returned to Stewart's Grocery, where customers were still playing pool. He told them, "Ya'll can go pull the knife out; I did it."
The jury found Russell guilty of murder, and the trial judge sentenced him to life imprisonment. We consider Russell's single assignment of error:

DID THE TRIAL COURT ERR IN THAT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND THE VERDICT EVIDENCES BIAS AND PREJUDICE AGAINST RUSSELL AND WAS BASED SOLELY UPON SUSPICION AND SPECULATION?
Russell claims that the State did not establish malice aforethought, an essential element of murder. This claim is defeated by the evidence of Russell's statement that he wanted to kill Gaines, which he made at Stewart's Grocery before the stabbing. Such a statement is evidence of malice. Fuller v. State, 468 So.2d 68 (Miss. 1985); Robinson v. State, 418 So.2d 794 (Miss. 1982). Moreover, malice may be inferred from Russell's use of a deadly weapon. Fairchild v. State, 459 So.2d 793 (Miss. 1984); Smith v. State, 205 Miss. 283, 38 So.2d 725 (1949). Although Russell contends that the inference of malice was overcome by his claim of self-defense, that claim was fairly presented to the jury and resolved against him. Smith v. State, 463 So.2d 1102 (Miss. 1985); Rush v. State, 278 So.2d 456 (Miss. 1973). The jury's rejection of Russell's claim of self-defense was supported by the evidence, which indicated that Gaines was unarmed and that he was stabbed after Russell had stated his desire *77 to kill him. The conviction and sentence are affirmed.
AFFIRMED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.