541 So.2d 1027 (1989)
George McGOWAN
v.
STATE of Mississippi.
No. 58409.
Supreme Court of Mississippi.
March 22, 1989.
John H. Anderson, Hattiesburg, for appellant.
Mike Moore, Atty. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
Today's appellant, convicted of aggravated assault, argues that he was entitled to have the jury consider whether he should have been convicted of attempted murder, an offense carrying a maximum sentence ten years less than the principal charge laid in the indictment. To be sure, the evidence would have supported an attempted murder conviction. Because we perceive no scenario under which a rational jury may have found him guilty of attempted murder and at once not guilty of aggravated assault, his point fails.
We affirm.

II.
Howard Robertson owns Prentiss Amoco, Highways 84 and 13, in Jefferson Davis County, Mississippi. Early Saturday morning, March 22, 1986, he was already at work when Jethro Hooker pulled into the station to talk to him about fixing Hooker's two rear tires, which had apparently been stabbed.
As Hooker and Robertson were talking, a pickup truck drove into the station. A gentleman got out, later identified as George McGowan, and approached Hooker's car in which Hooker was sitting, at the wheel. Hooker said to Robertson "I believe this fellow is going to shoot me." Hooker was right. McGowan began firing at the car, a white LeSabre Buick. Hooker started his car and fled north on Highway 13. The car was damaged to the tune of $602.08. McGowan and Hooker have known each other practically their entire lives.
George McGowan was indicted October 10, 1986, for aggravated assault, Miss. Code Ann. § 97-3-7(2)(b) (1972). Tried on April 10, 1987, he was convicted and sentenced April 16, 1987, to serve fifteen years in the custody of the Mississippi Department of Corrections.
McGowan now appeals to this Court.

III.

A.
McGowan argues that the Circuit Court erred when it refused to submit to the jury an instruction which would have allowed the jury to convict him of attempted murder rather than aggravated assault. His argument is pragmatic as well as legalistic. On the latter score, he suggests that the evidence before the jury was clearly such that a rational jury may well have found *1028 him guilty of attempted murder. Pragmatically, he is attracted by the fact that attempted murder under our law carries a maximum sentence of ten years imprisonment. The points take on particular meaning in the present context where McGowan has been convicted of aggravated assault and sentenced to fifteen years imprisonment.
The Circuit Court refused McGowan's requested instruction No. D-1, the attempted murder instruction.[1] The Court acknowledged that the crimes of aggravated assault and attempted murder were very similar and stated that "the elements required to make up aggravated assault or attempted murder could very well be the same." The Court reasoned further, however, that the State had the right to elect the charge upon which they would try the accused. Further, the Court reasoned that with the charge of attempted murder, the State was required to prove that the act was done with malice aforethought, while aggravated assault does not require such.[2]
We have repeatedly held that the accused is entitled to have the jury instructed that it may consider convicting him of a lesser offense only where there is in the record an evidentiary basis therefor. Lee v. State, 469 So.2d 1225, 1230 (Miss. 1985); Ruffin v. State, 444 So.2d 839, 840 (Miss. 1984); Colburn v. State, 431 So.2d 1111, 1114 (Miss. 1983). Such instructions should not be granted indiscriminately, nor on the basis of pure speculation. Mease v. State, 539 So.2d 1324, 1329 (Miss. 1989). Our evidentiary standard has been laid out in Harper v. State, 478 So.2d 1017, 1021 (Miss. 1985):
A lesser-included offense instruction should be granted unless the trial judge and ultimately this Court can say, taking the evidence in the light most favorable to the accused and considering all the reasonable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of a lesser-included offense (conversely, not guilty of at least one essential element of the principal charge).
Harper, 478 So.2d at 1021; Fairchild v. State, 459 So.2d 793, 800 (Miss. 1984); Lee v. State, 469 So.2d at 1230-31. Harper elaborates further:

*1029 Only if this Court can say, taking the evidence in the light most favorable to the accused and considering all reasonable favorable inferences that can be drawn in favor of the accused from the evidence, and considering the evidence that the jury may not be required to believe any evidence offered by the State, that no hypothetical reasonable jury could convict [the defendant] of simple murder could it be said that the refusal of a lesser-included offense instruction was proper.
Harper, 478 So.2d at 1021; see most recently Mease v. State, supra; Rowland v. State, 531 So.2d 627, 631 (Miss. 1988).
Several recent cases to the point have disclosed a nuance not previously noted. Griffin v. State, 533 So.2d 444 (Miss. 1988) held that a defendant indicted for rape was entitled to have the jury instructed regarding the lesser offense of assault. Griffin, 533 So.2d at 447-48. Gangl v. State, 539 So.2d 132 (Miss. 1989), correctly interpreted Griffin to hold that a "defendant may request an instruction regarding any offense carrying a lesser punishment if the lesser offense arises out of a nucleus of operative fact common with the factual scenario giving rise to the charge laid in the indictment." Gangl v. State, at 136. See also Whitehurst v. State, 540 So.2d 1319 (Miss. 1989) (reversing because of failure to grant lesser instruction of Section 63-11-30(4), manslaughter for a culpable negligence manslaughter charge under Section 97-3-47 (1972): "Any reasonable jury certainly could have found Whitehurst guilty only of the lesser charge under the evidence and inferences and, therefore, the trial court erred in refusing those instructions." Whitehurst at 1327.)
The common thread in all of our cases reversing on the point is that, under the evidence, the jury may reasonably have found the defendant not guilty of the principal charge laid in the indictment and at once guilty of the lesser charge. Our law is clear, however, that the accused is not entitled to the lesser offense instruction where the evidence that proves his guilt of the lesser offense necessarily proves his guilt of the principal charge. Rowland v. State, 531 So.2d 627, 631-32 (Miss. 1988); Cumbest v. State, 456 So.2d 209, 222-23 (Miss. 1984); see also Weaver v. State, 497 So.2d 1089, 1092 (Miss. 1986).

B.
We turn to the two offenses at issue. As the Circuit Court noted, there is a distinction between attempted murder and aggravated assault. See Norwood v. State, 182 Miss. 898, 904-05, 183 So. 523, 524 (1938).

Aggravated Assault[3]
The essence of aggravated assault in today's context is that the accused has knowingly or recklessly attempted to cause serious bodily injury to another with a dangerous weapon. There is apparently no specific intent requirement. Davis v. State, 476 So.2d 608, 610 (Miss. 1985); Nelson v. State, 361 So.2d 343, 345 (Miss. 1978). The following facts have resulted in convictions for aggravated assault: In Nelson, the defendant pulled a gun on another after a fight and shot; in Davis, the defendant pulled a gun from her purse and fired randomly, hitting a bystander. The facts in today's case support an aggravated assault instruction and conviction. It should be noted that many cases focus on the *1030 harm actually done, but this seems counter to the statute's plain language which includes "attempts to cause ... injury to another with a deadly weapon."

Attempted Murder[4]
There are very few cases in Mississippi resting on an attempted murder charge. In general, Section 97-1-7 (1972) requires a showing of three elements: (1) an attempt to commit a particular crime, (2) a direct ineffectual act done toward its commission and (3) the failure to consummate its commission. Edwards v. State, 500 So.2d 967, 969 (Miss. 1986); West v. State, 437 So.2d 1212, 1214 (Miss. 1983); Bucklew v. State, 206 So.2d 200 (Miss. 1968).
In affirming an attempted murder conviction, this Court found that the intent to murder an intended victim and overt acts in the form of attempting to forcibly enter the victim's home after arming himself were sufficient to sustain the conviction. Peyton v. State, 286 So.2d 817, 820 (Miss. 1973); see also Duke v. State, 340 So.2d 727 (Miss. 1977) (affirming an attempted murder conviction under murder for hire facts). In today's case, the intent requirement would be met with the assumption of malice inferred from use of a deadly weapon. Russell v. State, 497 So.2d 75 (Miss. 1986); Riley v. State, 109 Miss. 286, 68 So. 250 (1915); Brown v. State, 98 Miss. 786, 54 So. 305 (1911).
In sum, the difference between attempted murder and aggravated assault is the specific intent requirement, for the former, and the element of deadly weapon use, for the latter. See Norwood v. State, 182 Miss. 898, 904-05, 183 So. 523, 524 (1938). In many fact scenarios, then, like today's, both charges are established by the same evidence. A rational jury receiving today's evidence may well have found that, when McGowan pulled up in his truck, got out and started shooting at Hooker, he was attempting to cause Hooker serious bodily injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. The evidence also supports a jury finding that McGowan attempted to cause Hooker bodily injury with a deadly weapon. The evidence thus supports the verdict of guilty of aggravated assault.
By the same token, the evidence was also such that a rational jury may have found that McGowan with deliberate design attempted to kill Hooker only to fail therein. Had McGowan been indicted and prosecuted for attempted murder, we would no doubt affirm.
The problem for McGowan and the point he presents today is that the same evidence that would otherwise have entitled him to an attempted murder instruction legally undergirds his conviction of aggravated assault. Because we perceive no view of the evidence under which McGowan may have been found guilty of attempted murder and not guilty of aggravated assault, the assignment of error fails. Rowland v. State, 531 So.2d 627, 632 (Miss. 1988). The Circuit Court correctly refused McGowan's requested Instruction No. D-1.
CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN *1031 (15) YEARS IMPRISONMENT AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON and BLASS, JJ., concur.
PITTMAN, J., not participating.
NOTES
[1] Instruction D-1 reads as follows:

The Court instructs the jury that if you find from the evidence that the defendant, George McGowan, did design and endeavor to kill and murder Jethro Hooker, and that he did an overt act, i.e., secured a pistol, loaded it with ammunition and proceed to seek out Jethro Hooker and did in fact locate a car that Jethro Hooker was riding in and proceeded to fire upon it an [sic] attempt to kill and slay Jethro Hooker but was prevented from effectuating said attempt to murder Jethro Hooker by Jethro Hooker fleeing and manipulating his motor vehicle, making it impossible for George McGowan to effectuate said endeavor and intent, then you should find the defendant, George McGowan, guilty of attempted murder.
[2] The entire statement of the Circuit Court in refusing the attempted murder instruction follows:

BY THE COURT:
D-1 is refused. The Court finds that under the factual situation in this case, the State had the right to elect the charge they sought and by indicting the defendant for aggravated assault, they excluded any charge of attempted murder. The Court finds that attempted murder is not a lesser-included offense of aggravated assault. That even though the Court agrees with defense counsel that the elements required to make up aggravated assault or attempted murder could very well be exactly the same.
There would be one difference. That being that attempted murder would necessitate the State being able to prove that the act was done with malice or forethought [sic] and failed to complete the crime, i.e., the victim did not die. That would be the attempt rather than the murder. Had the victim died, of course, it would be murder.
The Court clearly understands the defense counsel's request in that in the wisdom of the legislature, for some unknown reason to counsel and the Court, aggravated assault carries a heavier penalty than does attempted murder. And obviously defense counsel, and rightfully so, would much rather his client be subjected to the lesser of the two penalties.
The Court finds that by the State electing the remedy of aggravated assault, they have excluded the possibility of the jury finding the defendant guilty of attempted murder and that is the reason also that the Court granted S-2 as written. Because, had the Court submitted the question of attempted murder to the jury, then that form of the verdict would have had to be added to S-2.
[3] Miss. Code Ann. § 97-3-7(2) (Supp. 1988) reads:

(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years. Provided, however, a person convicted of aggravated assault upon a law enforcement officer or fireman while such law enforcement officer or fireman is acting within the scope of his duty and office shall be punished by a fine of not more than five thousand dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both.
[4] Miss. Code Ann. § 97-1-7 (1972) reads as follows:

Every person who shall design and endeavor to commit an offense and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof shall, where no provision is made by law for the punishment of such offense, be punished as follows: If the offense attempted to be committed be capital, such offense shall be punished by imprisonment in the penitentiary not exceeding ten (10) years; if the offense attempted be punishable by imprisonment in the penitentiary or by fine and imprisonment in the county jail, then the attempt to commit such offense shall be punished for a period or for an amount not greater than is prescribed for the actual commission of the offense so attempted.
Miss. Code Ann. § 97-3-19(1)(a) (Supp. 1988) reads:
The killing of a human being without the authority of law by any means or in any manner shall be murder... when done with deliberate design to effect the death of the person killed, or of any human being.