# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-KA-01276-SCT

*EDDIE EARL PHILLIPS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/09/1998 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RODNEY D. ROBINSON |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED -09/20/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/11/2001 |

### BEFORE McRAE, P.J., MILLS AND WALLER, JJ.

### McRAE, PRESIDING JUSTICE, FOR THE COURT:

¶1. Eddie Earl Phillips was convicted of murder, pursuant to Miss. Code Ann. § 97-3-19(a)(1)(2000), in the Circuit Court of the First Judicial District of Harrison County. The State was permitted to amend the indictment in order to reflect Phillips's habitual offender status, pursuant to Miss. Code Ann. § 99-19-81(2000), and Phillips was sentenced to life in prison without the possibility of probation or parole. Aggrieved, Phillips now appeals to this Court, raising as issues: 1) whether the trial court erred in refusing to let the jury consider the defense of manslaughter; and 2) whether the trial court erred in refusing to let the jury consider the defense of imperfect defense which will both be discussed together.[1] Finding no error, we affirm Phillips's conviction and sentence.

### FACTS

¶2. It is undisputed that Eddie Earl Phillips shot and killed Anthony Curtis Thornton, Jr., on April 10,1998. The dispute pertains to whether Phillips had the requisite intent to murder Anthony. Phillips raises two issues on appeal, both regarding proposed jury instructions: 1) whether the trial court erred in refusing to let the jury consider the defense of manslaughter; and 2) whether the trial court erred in refusing to let the jury consider the defense of imperfect defense. We find these claims to be without merit and affirm Phillips's conviction of a life sentence without the possibility of probation or parole.

¶3. On the night of April 10, 1998, Temika Shonta Thornton (the sister of the deceased) and her boyfriend, the appellant, Eddie Earl Phillips, were quarreling. Temika and Phillips were at Temika's apartment in the August Moon Apartments complex, where she lived with her brother, mother, and stepfather. Later that evening, Temika called her brother, Anthony Curtis Thornton, Jr., for assistance because Phillips would not

let her leave. Anthony and his girlfriend, Monique Cooks, went to check on Temika.

¶4. When Anthony and Monique arrived at the apartment, Temika and Phillips were walking to her car. Temika got inside the vehicle, but Phillips continued to argue with her and had his hand on the car door. Anthony pleaded with Temika to leave. The testimony diverges somewhat at this point. Temika testified that Anthony wanted Phillips to let her leave and pushed Phillips's hand once, and Phillips warned Anthony not to touch his hand again. Anthony then pushed Phillips's hand a second time. Monique testified that Anthony asked Phillips twice to remove his hand from Temika's car and also warned Phillips not to touch him because it would lead to an argument between them. Phillips then pushed Anthony and went back into the apartment and came out with a sawed-off shotgun.

¶5. With Temika in the driver's seat of her car, Anthony and Phillips began running alongside the length of the car. Monique attested that Anthony was on the driver's side, Phillips was on the passenger's side, and Phillips was chasing Anthony around the vehicle. Eyewitnesses James Allen Brewer and Dana Shawn Oden testified that the two men were chasing each other around the car, but they also stated that Anthony was on the passenger side and Phillips was on the driver's side at the time of the shooting. Ultimately, Anthony crouched down, and Phillips shot him. Phillips then drove from the scene in Temika's car.

¶6. Temika also testified that no "licks" were passed between the men, except for the pushing, and that the two only engaged in a verbal argument. There was no history of disagreement between Anthony and Phillips prior to this argument.

¶7. A jury found Phillips guilty of murder, and he was sentenced by the court as a habitual offender to life imprisonment without the possibility of parole.

## DISCUSSION

### I. WHETHER THE TRIAL COURT ERRED IN REFUSING TO LET THE JURY CONSIDER THE DEFENSE OF MANSLAUGHTER.

### II. WHETHER THE TRIAL COURT ERRED IN REFUSING TO LET THE JURY CONSIDER THE DEFENSE OF IMPERFECT DEFENSE.

¶8. Phillips claims the trial court's refusal of his jury instructions relating to manslaughter was error. When reviewing jury instructions, our test is to read them together, as a whole, without singling out one instruction or taking them out of context. *Woodham v. State*, 779 So. 2d 158, 162-63 (Miss. 2001) (citing *Humphrey v. State*, 759 So. 2d 368, 380 (Miss. 2000) (citing *Heidel v. State*, 587 So. 2d 835, 842 (Miss. 1991)). Furthermore, an instruction must not be given to the jury if there is no evidence to support the instruction. A court may refuse an instruction when it incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence. *Agnew v. State*, 783 So. 2d 699, 702 (Miss. 2001) (citing *Humphrey,* 759 So. 2d at 380 (citing *Heidel*, 587 So. 2d at 842).

¶9. Manslaughter committed in the heat of passion is defined in Miss. Code Ann. § 97-3-35 as, "the killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense . . . ." Miss. Code Ann. § 97-3-35 (2000). Heat of passion has been defined as,

A state of violent and uncontrollable rage engendered by a blow or certain other provocation given,

which will reduce a homicide from the grade of murder to that of manslaughter. Passion or anger suddenly aroused at the time by some immediate and reasonable provocation, by words or acts of one at the time. The term includes an emotional state of mind characterized by anger, rage, hatred, furious resentment or terror.

*Agnew*, 783 So. 2d at 703 (citing *Graham v. State*, 582 So. 2d 1014, 1017 (Miss. 1991) (citing *Mullins v. State*, 493 So. 2d 971, 974 (Miss. 1986)).

¶10. This passion should be an emotion brought about by some insult, provocation, or injury, which would produce in the minds of ordinary men "the highest degree of exasperation." *Graham*, 582 So. 2d at 1018 (citing *Barnett v. State*, 563 So. 2d 1377 (Miss.1990)). We have stated that words alone and disagreements among people are not enough to invoke the passion required for this defense. "Mere words, no matter how provocative, are insufficient to reduce an intentional and unjustifiable homicide from murder to manslaughter." *Gates v. State*, 484 So. 2d 1002, 1005 (Miss. 1986) (citing *Stevens v. State*, 458 So. 2d 726, 731 (Miss. 1984); *Johnson v. State*, 416 So.2d 383, 387-88 (Miss. 1982)). *See also Carter v. State*, 722 So. 2d 1258, 1262 (Miss. 1998).

¶11. Phillips's argument in support of the manslaughter instruction was that he lacked the intent, or deliberate design, to commit murder.[(2)] We have held that "**malice**, or deliberate design, may be **inferred** from use of a **deadly weapon**. *Id*. at 1263 (emphasis in the original) (citing *Tran v. State,* 681 So. 2d 514, 517-18 (Miss. 1996); *Day v. State*, 589 So. 2d 637, 642 (Miss. 1991); *Wilson v. State,* 574 So. 2d 1324, 1337 (Miss. 1990); *McGowan v. State*, 541 So. 2d 1027, 1030 (Miss. 1989); *Nicolaou v. State*, 534 So. 2d 168, 171-72 (Miss. 1988); *Russell v. State*, 497 So. 2d 75, 76 (Miss. 1986); *Dickins v. State*, 208 Miss. 69, 92, 43 So. 2d 366, 373 (1949)).

¶12. Alternatively, Phillips asserts that he lacked the intent to commit murder and that, therefore, he should be allowed to present the jury with an instruction explaining his defense of imperfect self-defense. Phillips cites *Cook v. State*, 467 So. 2d 203, 207 (Miss. 1985) (quoting *Williams v. State*, 127 Miss. 851, 854, 90 So. 705, 706 (1922)), to define the theory under this defense as "that [the defendant] killed the deceased without malice, under the bona fide belief, but without reasonable cause therefor, that it was necessary for him so to do in order to prevent the appellant from inflicting death or great bodily harm upon him."

¶13. It appears that Phillips's theory of imperfect self-defense is merely another premise upon which the offense of manslaughter is based. We have held in *Cook*, *supra*, that the defense theory presented by Phillips is based upon the heat of passion statute, Miss. Code Ann. § 97-3-35 (1972 & 2000). *Cook*, 467 So. 2d at 206 (citing *Perkins v. State*, 359 So. 2d 1389, 1391 (Miss. 1978)).

¶14. While discussing proposed jury instructions, Phillips argued that he was in fear for his life or of great bodily harm because there had been testimony presented that Anthony was known to carry a gun. Phillips did not testify at trial, and the defense put on no witnesses. Because Phillips did not present his version of the facts to the trial court, we are limited in our review of the facts to the State's witnesses.

¶15. Monique testified that Phillips threw a fake punch at Anthony, nearly causing him to fall, and she picked him back up. Temika attested that Phillips pushed Anthony and that then she and Monique held Anthony back for fear that he and Phillips would fight. Next Phillips went back inside the apartment, retrieved his loaded shotgun and returned to Temika's car to chase Anthony and shoot him. There was no

evidence presented at trial that Anthony was carrying a weapon of any kind.

¶16. The trial judge found that there was no evidence to support either of these instructions. We agree with the trial court. We have stated:

> It is well-settled that a lesser-included offense instruction should be granted unless the trial judge-and ultimately this Court-can say, taking the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser included offense (and conversely not guilty of at least one essential element of the principal charge.)

*Agnew v. State*, 783 So.2d at 701 (Miss. 2001) (citing *Graham v. State*, 582 So. 2d at 1017(Miss. 1991) (citing *Gates v. State*, 484 So. 2d 1002, 1004 (Miss. 1986)).

¶17. In this matter, the trial judge was correct in that there was no evidence to support a manslaughter instruction. Phillips asserts that the following disputed facts support instructions for manslaughter and for self-defense.

¶18. Phillips points out that the record reflects that he and Anthony had never had problems between each other prior to the confrontation; that the injuries to Phillips's face inferred that they were caused by Anthony, a large individual; and that the record reflects that Anthony often carried a pistol, and therefore, Phillips had reason to fear for his life. Officer Keith Johnson of the Gulfport Police Department testified that upon asking Phillips if the injuries to his face occurred from a gun hitting him, Phillips nodded in the affirmative. When he took the stand for the limited purpose of suppressing Johnson's statements, Phillips stated that his injuries were the result of Anthony striking him in the face. However, this motion was overruled by the trial court. Since Phillips did not testify before the jury and no other evidence was presented as to the cause of these injuries, Phillips had no grounds to infer that anything caused these injuries other than his own imagination.

¶19. Based on the record, there is insufficient evidence to warrant a manslaughter instruction for either theory submitted by Phillips. The record does not reflect that Anthony was using deadly force against Phillips, but instead that Anthony pushed Phillips's hand a few times and Phillips pushed Anthony back. The evidence is not sufficient to show that Anthony was armed during the course of his argument with Phillips, and Temika testified that the two were not physically fighting, but were having a verbal argument. The evidence is insufficient to rise to the level of reducing Phillips's murder charge to that of manslaughter, and for that reason, Phillips's conviction and life sentence should be affirmed.

## CONCLUSION

¶20. The trial court was not in error in its denial of Phillips's proposed jury instructions as to manslaughter and self-defense because there was insufficient evidence in the record to support the issuance of either instruction. Phillips's conviction and life sentence without the possibility of probation or parole are affirmed.

¶21. **CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT THE BENEFIT OF PAROLE OR PROBATION, AFFIRMED.**

> **PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR.**

1. Phillips failed to file a reply brief in this matter despite an extension of time within which to file his reply brief being granted by this Court, extending the date to May 24, 2001.

2. Phillips did not testify at trial or present any witnesses.