856 So.2d 561 (2003)
Antwon Leshay ELLIS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00266-COA.
Court of Appeals of Mississippi.
May 20, 2003.
Rehearing Denied August 26, 2003.
*563 Dan W. Duggan, Brandon, attorney for appellant.
Office Of The Attorney General, by Billy L. Gore, attorney for appellee.
Before McMILLIN, C.J., THOMAS, LEE and IRVING, JJ.
THOMAS, J., for the court.
¶ 1. Antwon Ellis was convicted of capital murder and sentenced to life in the custody of the Mississippi Department of Corrections without parole. Aggrieved he asserts the following:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED THE STATE'S MOTION IN LIMINE AND REFUSED TO ALLOW THE APPELLANT TO CROSS-EXAMINE YOUNGBLOOD ABOUT HIS ARREST FOR BRIBERY.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GRANTING A MISTRIAL WHEN THE CLARION LEDGER RAN AN ARTICLE STATING THAT ELLIS HAD BEEN CONVICTED OF THIS MURDER BEFORE.
III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GRANTING JURY INSTRUCTION D-7A.

*564 IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT DIRECTING A VERDICT IN FAVOR OF ELLIS, OR IN THE ALTERNATIVE A JNOV.
Finding no error, we affirm.

FACTS
¶ 2. On July 25, 1997, Thomas Tapp was shot and killed in front of his place of business, the Little Store, a general convenience store located on Medgar Evers Boulevard, in Jackson. He was found in the front of the store with his keys and a padlock to the store on the ground, and a large amount of cash was found nearby. Five individuals were later arrested for the capital murder of Tapp.
¶ 3. Testimony determined that the intent of the group was to commit a robbery of the convenience store and the liquor store adjacent to the convenience store. Robinson, a confessed accomplice, testified that Ellis instructed him to act as a lookout and that Ellis was brandishing a nine millimeter handgun. This witness testified that as he was acting as a lookout he heard a shot and upon coming to the front of the building he witnessed Tapp slumped over holding his chest. He then saw a different accomplice grab a bag from Tapp and grab the register from the store. He testified that Ellis was the triggerman and that he heard nine gunshots fired by Ellis and the other armed accomplice, called Mike-Mike in the record.
¶ 4. The attendant at the liquor store testified that after he was shot in the back he heard another gunshot and heard Tapp groan, but due to his injury he was unable to identify any of the assailants.
¶ 5. The State presented testimony from Detective Youngblood who testified to the chronology of the gathering of evidence. Youngblood was the detective assigned to the case at its outset. Youngblood questioned all the suspects individually, including Ellis. At the initial questioning Ellis told Youngblood that he had nothing to do with the robbery and knew nothing of it. During a second interview just hours later Youngblood informed Ellis of the interviews of the other accomplices taking place at the same time. At this point Ellis told Youngblood that he was a part of the crime, but that he only acted as the lookout man.
¶ 6. Out of the presence of the jury, Ellis' counsel informed the court of his desire to attack Youngblood's character by questioning him regarding a bribery charge against him. The State brought a motion in limine to prevent this testimony from reaching the jury. Ellis' counsel informed the trial judge that he learned that Youngblood had been arrested on a bribery charge for allegedly taking money from alleged drug dealers. Youngblood was never indicted. He has since resigned from his position as detective, according to him, for other reasons. The trial court granted the State's motion in limine.
¶ 7. At the close of the State's case-in-chief, Ellis requested a directed verdict which was, denied. Ellis elected not to testify and presented no other witnesses to provide testimony regarding his defense. The jury returned a guilty verdict and the jury poll revealed a unanimous verdict.

I. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR WHEN IT GRANTED THE STATE'S MOTION IN LIMINE AND REFUSED TO ALLOW THE APPELLANT TO CROSS-EXAMINE YOUNGBLOOD ABOUT HIS ARREST FOR BRIBERY?
¶ 8. Ellis argues that his defense was hampered by the trial judge's grant of the State's motion in limine regarding Detective Youngblood's prior arrest for allegedly *565 accepting money from drug dealers. Ellis contends that he should have been allowed to elicit testimony regarding this prior bad act as it was probative of truthfulness and went to the credibility of the witness.
¶ 9. The admissibility and relevancy of evidence is within the discretion of the trial court and, absent an abuse of that discretion, the trial court's decision will not be disturbed on appeal. Reynolds v. State, 784 So.2d 929, 932(¶ 7) (Miss. 2001). "As long as the trial court remains within the confines of the Mississippi Rules of Evidence, its decision to admit or exclude evidence will be accorded a high degree of deference." Johnston v. State, 567 So.2d 237, 238 (Miss.1990). Additionally, "the admission or exclusion of evidence must result in prejudice or harm, if a cause is to be reversed on that account." Jackson v. State, 594 So.2d 20, 25 (Miss. 1992).
In this case we are faced with this question: Under what circumstances may one cross-examine a witness under Rule 608(b) about specific instances of past conduct not resulting in a conviction when the sole purpose of such line of questioning is to destroy the witness's credibility for truthfulness? When will it be permitted, and what is its effect? These questions embrace our entire inquiry in this case. Prior to promulgating the M.R.E., cross-examination of a witness about specific instances of past conduct not connected with the case was considered irrelevant and impermissible when the purpose was to impeach his character. Baxter v. Rounsaville, 193 So.2d 735 (Miss.1967); Tippit v. Hunter, 205 So.2d 267 (Miss.1967); Bailey v. State, 67 Miss. 333, 7 So. 348 (1890); Stewart v. State, 263 So.2d 754 (Miss. 1972); Pierce v. State, 213 So.2d 769 (Miss.1968); Gallion v. State, 469 So.2d 1247, appeal after remand 517 So.2d 1364.
Brent v. State, 632 So.2d 936, 943 (Miss. 1994). The proffered conduct must be such as to reflect upon the witness's character for truthfulness. Id at 944. Procedurally, before counsel attempts an inquiry on cross-examination as to specific acts of past conduct not resulting in a conviction he should inform the trial judge that he intends to do so. Id. The trial judge can then conduct a hearing outside the presence of the jury. Following this, the trial judge can determine first if the conduct reflects upon the witness's honesty, and if so, weigh the probative value against the danger of unfair prejudice, as required under Rule 403 and also determine whether admission of the evidence will advance the ascertainment of the truth in the case. Id. "The relevancy and admissibility of evidence is largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Peterson v. State, 671 So.2d 647, 658 (Miss.1996). "Furthermore, a party must do more than simply show some technical error has occurred before he will be entitled to a reversal on the exclusion or admission of evidence; there must be some showing of prejudice." Pham v. State, 716 So.2d 1100, 1102(¶ 12) (Miss. 1998).
¶ 10. The accused in a criminal trial has a fundamental right implicit in the confrontation clauses of our state and federal constitutions to cross-examine witnesses testifying against him. U.S. Const. amend. VI; Miss. Const. art. 3, § 26; Kolberg v. State, 829 So.2d 29, 74 (¶ 126) (Miss.2002). However, the rule does not allow cross-examination on any matter affecting the credibility of witnesses without restraint. The privilege only extends to any matter that is relevant. White v. State, 532 So.2d 1207, 1217 (Miss.1988). *566 Accordingly, "the scope of cross-examination though ordinarily broad, is within the sound discretion of the trial court and the trial court possesses inherent power to limit cross-examination to relevant matters." Heflin v. State, 643 So.2d 512, 518 (Miss.1994), reversed on other grounds.
¶ 11. The trial judge opined and made findings that the testimony regarding Detective Youngblood's alleged bribery charge was irrelevant to his character and truthfulness in the matter before the court. We cannot find anything in the record or in the briefs where Ellis claims that his confession to Youngblood was in any way illegally elicited or portrayed wrongly.
¶ 12. The questions regarding Youngblood's alleged prior bad acts were too far removed to be relevant. There is a very distinct and substantive difference between alleged, unsubstantiated bad acts and prior bad acts. Ellis complains of not being allowed to elicit testimony regarding bad acts with no attendant evidence to support its truth. The admission of such unfounded allegations would only cloud the minds of the jurors and would have no probative value.

II. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN NOT GRANTING A MISTRIAL WHEN THE CLARION LEDGER RAN AN ARTICLE STATING THAT ELLIS HAD BEEN CONVICTED OF THIS MURDER BEFORE?
¶ 13. Ellis contends that he was not afforded a fair trial as the jury was tainted by a newspaper article reporting that Ellis was on trial for a second time regarding this murder and that the jury returned a guilty verdict in the first trial but it was being retried after the Mississippi Supreme Court reversed the previous conviction. Though Ellis has not shown how he was prejudiced by this article, as none of the jurors had seen the article, he still contends error. Ellis cites Johnson v. State, 476 So.2d 1195 (Miss.1985), and contends that Johnson was identical to his situation. First, Johnson involved a motion for change of venue which was never made by Ellis and second, in the case at bar not one juror had seen the article or heard anything about the article regarding Ellis' prior guilty verdict.
¶ 14. The granting of a motion for a mistrial is within the sound discretion of the trial court. Bass v. State, 597 So.2d 182, 191 (Miss.1992). Failure of a trial court to grant a mistrial will not be overturned on appeal without a showing that the judge abused his or her discretion. Id.
¶ 15. We have declared that "a jury's verdict must be based upon the evidence and not affected by extraneous influences." Fuselier v. State, 468 So.2d 45, 57 (Miss. 1985).
¶ 16. The jurors' promises to follow the law "must be given considerable deference." Porter v. State, 616 So.2d 899, 906 (Miss.1993), citing Scott v. Ball, 595 So.2d 848, 850 (Miss.1992). Prospective jurors "who say that they could follow the evidence and the instructions of the court should be retained, and those who cannot follow the instructions of the court should be released." Armstrong v. State, 214 So.2d 589, 593 (Miss.1968).
¶ 17. In the case at bar, the trial judge polled the jury as a group regarding the newspaper article and not one of them had read it or knew anything about it.

III. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN NOT GRANTING JURY INSTRUCTION D-7A?
¶ 18. Ellis contends that the evidence supported a lesser-included offense *567 instruction. Ellis argues the evidence was not consistent regarding the probability that Ellis shot Tapp. He argues that this evidence calls for the court to include a lesser-offense instruction of manslaughter.
¶ 19. When reviewing jury instructions, our test is to read them together, as a whole, without singling out one instruction or taking them out of context. Woodham v. State, 779 So.2d 158, 162-63(¶ 25) (Miss.2001). Furthermore, an instruction must not be given to the jury if there is no evidence to support the instruction. A court may refuse an instruction when it incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence. Agnew v. State, 783 So.2d 699, 702 (¶ 10) (Miss.2001); Phillips v. State, 794 So.2d 1034, 1036-1037(¶ 8) (Miss.2001).
¶ 20. The trial judge refused to grant instruction D-7A because there was no evidence to support a lesser-offense instruction. Ellis presented no evidence in support of any lesser offense or any possible defenses to his actions. Ellis intentionally killed Tapp during the commission of an armed robbery; this is capital murder. The Mississippi Supreme Court in discussing when lesser-included offense instructions should be granted, stated:
[a] lesser-included offense instruction should be granted unless the trial judge and ultimately this Court can say, taking the evidence in the light most favorable to the accused and considering all the reasonable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of a lesser-included offense (conversely, not guilty of at least one essential element of the principal charge).
McGowan v. State, 541 So.2d 1027, 1028 (Miss.1989). Ballenger v. State 667 So.2d 1242, 1255 (Miss.1995). This issue is without merit.

IV. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN NOT DIRECTING A VERDICT IN FAVOR OF ELLIS, OR IN THE ALTERNATIVE A JNOV?
¶ 21. Ellis contends that the trial court committed reversible error in not directing a verdict, or in the alternative, granting a JNOV. Ellis claims that even though no evidence was presented by him pertaining to a defense of the charge the trial court should have granted a directed verdict on his behalf, which would have, in essence, adjudged the evidence and testimony presented by the State untrue.
¶ 22. Our supreme court stated the applicable standard of review in McClain v. State, 625 So.2d 774, 778 (Miss. 1993):
In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [the accused's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
(citations omitted). "If there is sufficient evidence to support a verdict of guilty, this Court will not reverse." Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985).
*568 ¶ 23. The evidence presented by the State was more than sufficient to sustain a guilty verdict. This issue is without merit.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE WITHOUT PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO 97-1-095 AND 97-3-215COUNTS I AND II IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.