CARLTON, J., for the Court.
¶ 1. In January 2007, a Lincoln County grand jury indicted Julian Williams for murder. Williams was convicted in the Lincoln County Circuit Court of murder and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. Aggrieved, Williams now appeals his conviction and sentence, raising one issue for our review.
FACTS
¶ 2. In the early morning hours of July 15, 2006, officers from the Lincoln County Sheriffs Department responded to a call at a trailer park outside of Brookhaven, Mississippi. They received a report that a woman, Rhonda Michelle Mullins, was unresponsive and appeared to be deceased at the home of Thomas Black. Officers ar *18 rived at the home and found Mullins’s body under Black’s bed.
¶ 3. On the previous night, Odessia Humpries, Beulah Ward, and Black, who were residents of the trailer park, gathered at Ward’s home for an evening of drinking and drug use. Mullins and Williams were also at the gathering, and both had been using drugs. Williams and Mullins met for the first time that evening.
¶ 4. Later that night, Williams and Mullins, with Black’s permission, left Ward’s home and walked to Black’s home to engage in consensual sex. After intercourse, Williams claimed that Mullins became agitated and violent toward him because she wanted more drugs. At the same time, Williams heard noises outside the bedroom, which caused him alarm. Williams tried to leave the bedroom to investigate the noises, but he was stopped by Mullins. Williams claimed that he then became convinced that Mullins had set him up to be robbed. Williams told police that he tried to get dressed to leave the room, but Mullins kept trying to detain him. He became even more suspicious of her, and in an effort to keep her quiet, he began to choke her while she was on the bed.
¶ 5. Williams left Mullins to investigate the noise outside. When he returned, Mullins had fallen to the floor unconscious. She had stopped breathing. Williams shoved her body underneath Black’s bed. He then returned to the group at Ward’s home. When questioned about Mullins’s absence, Williams told Ward and Hum-pries that she had left with someone else.
¶ 6. Black went home just before daybreak and saw Mullins’s hair and part of her body underneath his bed. Black went back to Ward’s home and told Ward and Humpries what he had found. The police were called to investigate. An autopsy performed on Mullins’s body revealed that there were numerous drugs still in her system. Her cause of death was determined to be manual strangulation. Officers arrested Williams and charged .him with Mullins’s murder.
DISCUSSION
¶ 7. Williams raises only one issue for our review. He argues that the trial court erred in refusing to grant his requested heat-of-passion jury instruction. When examining the trial court’s decision to grant or refuse a proposed jury instruction, we use the following standard of review:
This Court has held that in reviewing the denial of a jury instruction we must consider not only the denied instruction but all of the instructions which were given to ascertain if error lies in the refusal to give the requested instruction. A defendant is entitled to have instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in another instruction, or is without foundation in the evidence.
Anderson v. State, 914 So.2d 1239, 1242-43(¶ 15) (Miss.Ct.App.2005) (internal citations and quotation marks omitted). Furthermore, the supreme court has held that trial courts should grant lesser-included-offense instructions “unless the trial judge ... can say, taking the evidence in the light most favorable to the accused, ... that no reasonable jury could find the defendant guilty of the lesser-included offense (and conversely not guilty of at least one essential element of the principal charge).” Phillips v. State, 794 So.2d 1034, 1038(¶ 16) (Miss.2001) (citation omitted).
¶ 8. Mississippi Code Annotated section 97-3-35 (Rev.2006) provides for a *19 finding of manslaughter, rather than murder, in cases which involve “[t]he killing of a human being, without malice, in the heat of passion, but in a cruel and unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense.... ” Mississippi case law defines heat of passion as follows:
A state of violent and uncontrollable rage engendered by a blow or some other provocation given, which will reduce a homicide from the grade of murder to that of manslaughter. Passion or anger suddenly aroused at the time by some immediate and reasonable provocation, by words or acts of one at the time. The term includes an emotional state of mind characterized by anger, rage, hatred, furious resentment or terror.
Cooper v. State, 977 So.2d 1220, 1223(¶ 11) (Miss.Ct.App.2007) (quoting Clemons v. State, 952 So.2d 314, 319(¶ 14) (Miss.Ct.App.2007)).
¶ 9. Williams requested the following instruction be given to the jury:
If you fail to find the defendant guilty of the crime of murder, then you should continue your deliberations to consider the elements of the lesser crime of manslaughter.
If you find from the credible evidence in this case beyond a reasonable doubt that the deceased was a living person and that the defendant killed her in a cruel or unusual manner, without malice, but in the heat of passion, not necessarily in self-defense, and without authority of law, then you shall find the defendant guilty of manslaughter.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the defendant not guilty of manslaughter.
The trial judge found that there was no evidence to support the heat-of-passion jury instruction and rejected it.
¶ 10. Williams argues that the heat-of-passion manslaughter instruction was the only jury instruction which presented his theory of the case, and refusal to grant the instruction constituted reversible error. See Phillipson v. State, 943 So.2d 670, 671-72(¶ 6) (Miss.2006). The supreme court has held, with regard to heat of passion, “that the test is whether the defendant acted in the heat of passion and without malice.” Moody v. State, 841 So.2d 1067, 1097(¶ 98) (Miss.2003). The supreme court has further held that “the question is an objective one, being whether a reasonable person would have been so provoked.” Id. The record in Williams’s case is devoid of any evidence that Mullins provoked him.
¶ 11. Williams did not present any evidence at trial that he acted in the heat of passion. Though Williams did not testify at trial, his written statement to police and his recorded statement were admitted into evidence. However, in those statements, Williams indicated that he choked Mullins in order to silence her, not because he was in a state of uncontrollable rage. Williams’s statements indicate that he was afraid because of noises from outside the trailer, not from anything the victim said or did. Williams stated that Mullins was agitated because she wanted more drugs; she struck him; and she tried to detain him in the bedroom. Her actions made him suspicious that she was involved in a plan to rob him. He did not present any evidence that Mullins’s actions or words at the time would have provoked a reasonable person to act as he did. Furthermore, the jury was given a jury instruction on culpable negligence manslaughter, as well as on self-defense-a theory of defense more in line with the evidence presented.
*20 ¶ 12. Because there was no foundation in the evidence to support Williams’s proposed heat of passion jury instruction, we find that the trial court did not err by refusing the instruction. This issue is without merit.
¶ 13. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.