McMILLIN, C. J,
for the Court:
¶ 1. Merlin Littleton was convicted by a jury in the Circuit Court of Hinds County of armed robbery. During the course of the trial, the jury was permitted to hear evidence concerning two post-arrest statements made by Littleton, both of which tended to prove his involvement in the crime. In this appeal, Littleton argues that the trial court erred when it failed to suppress his statements because they were obtained through threats and intimidation by an investigating officer. Additionally, Littleton alleges that he is entitled to a new trial because the jury’s verdict of guilty was against the weight of the evidence. Finding no merit in this issues, we affirm Littleton’s conviction.
I.
Facts
¶ 2. Shortly before 1:00 a.m. on February 10, 1997, a convenience store in the Byram community in Hinds County was robbed at gunpoint by a lone gunman wearing a pullover ski mask to hide his facial features. The store attendant, without the robber’s knowledge, managed to sound a silent alarm alerting law enforcement officers of the events, and a patrol car was dispatched to the scene. The patrolman saw a Subaru automobile leaving a back alley near the store, which sped away when the patrolman sought to stop it. After a high-speed chase, the driver of the Subaru abandoned the vehicle and was seen fleeing into a wooded area. He managed to escape immediate capture.
*475 ¶ 3. A search of the vehicle turned up a ski mask that matched the description given by the store clerk. Additionally, papers, books, and financial records bearing the names of the defendant and another individual named Deon Morgan were found in the car. Littleton was arrested and subsequently gave two statements that offered slightly different versions of the events, but both of which implicated him as a principal in the robbery.
¶ 4. At trial, the jury heard both of Littleton’s incriminating statements along with the evidence linking him to the vehicle that, according to the overwhelming weight of the evidence, served as the getaway car for the robbery. Based on this evidence, the jury found Littleton guilty. After his post-trial motions to the trial court were denied, Littleton perfected this appeal in which he presents the two issues previously identified. We will consider them in the same order presented by Lit-tleton in his brief.
II.
The First Issue: Voluntariness of Littleton’s Post-Arrest Statements
¶ 5. Under the general protections afforded by the Fifth Amendment that prevent a person from being compelled to be a witness against himself, incriminating statements given to investigating officers when a suspect is in custody are inadmissible unless the State can demonstrate beyond a reasonable doubt that the statement was voluntarily given at a time when the suspect was fully informed of his rights in that regard and, nevertheless, elected to waive that protection. Miranda v. Arizona, 384 U.S. 436, 478-79, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
¶ 6. The practice has evolved that a defendant, fearful that an incriminating statement given while in custody might be used as evidence against him at trial, may, in a pre-trial proceeding, move that the trial court suppress such statement based on an allegation that it was not freely and voluntarily given. See Bullock v. State, 391 So.2d 601, 605 (Miss.1980); Agee v. State, 185 So.2d 671, 673 (Miss.1966). At such a hearing, the burden lies with the State to prove beyond a reasonable doubt the voluntariness of the statement. Agee, 185 So.2d at 673.
¶ 7. In this case, Littleton alleged that his statements were coerced by threats of physical violence to his person by an investigating officer, carried to such an extent on one occasion that a shotgun was loaded in his presence and displayed in a threatening manner. Under those circumstances, Littleton argues, it is nonsensical to suggest that his statements were freely and voluntarily offered.
¶ 8. The State produced witnesses, including the officer accused of carrying out this threatening behavior, who denied any such activities and, instead, related a circumstance where Littleton was fully briefed as to his various rights while in custody, including the right against self-incrimination; where he indicated that he fully understood those rights; and where, being fully informed, he indicated his desire to waive any right against self-incrimination and give a statement as to his activities related to the matter under investigation.
¶ 9. The trial court made a finding of fact that the testimony of the investigating officers was more credible than the version of events related by Littleton. Based upon that, the trial court concluded that the State had proved the voluntariness of Littleton’s statements beyond a reasonable doubt and refused to suppress their introduction at trial.
¶ 10. When there is conflicting evidence at a suppression hearing regarding the circumstances in which a custodial incriminating statement was given, the trial court sits as finder of fact. McCarty v. State, 554 So.2d 909, 911 (Miss.1989). If the court finds the statement to have been voluntarily given and, thus, admissible, *476 that conclusion becomes a finding of fact that may not be reversed on appeal unless it is manifestly in error or contrary to the overwhelming weight of the evidence. Kircher v. State, 753 So.2d 1017 (¶ 27) (Miss.1999). Littleton’s brief points to nothing in the record to show the manifest error in the trial court’s decision, and we are not convinced that Littleton’s uncorroborated statement of improper police activity was, on its face, of such worth that it substantially outweighed the contrary testimony of the law enforcement officers involved. In that situation, there is no basis for this Court to find error in the trial court’s decision to admit Littleton’s statements.
III.
The Second Issue: An Attack on the Weight of the Evidence
¶ 11. Littleton claims that the verdict of guilty was against the weight of the evidence and for that reason he should be given a new trial. To a great extent, his argument revolves around the proposition that, absent Littleton’s incriminating statements, the physical evidence directly linking him to participation in the crime is somewhat lacking. The evident flaw in the argument, of course, is that we have already determined in Part II of this opinion that the statements were admissible. That damaging evidence must necessarily, therefore, be taken into account when assessing Littleton’s argument on this point.
¶ 12. Littleton presented no evidence in his own defense after the State rested. The jury was thus left to consider, among other things, the information in Littleton’s two statements, and the corroborating fact that the getaway vehicle was closely tied to Littleton by evidence discovered in the abandoned car.
¶ 13. A new trial should be ordered based on a claim that the verdict was against the weight of the evidence only if the reviewing court is satisfied that to do otherwise would result in a manifest injustice. Stevenson v. State, 738 So.2d 1248 (¶ 17) (Miss.Ct.App.1999). In this case, there was no affirmative evidence pointing towards Littleton’s innocence. Rather, the only real issue was whether the State’s evidence was of such weight and worth as to support a criminal conviction. We are satisfied that it was, especially in light of Littleton’s own damaging admissions, and we, therefore, conclude this issue to be without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY YEARS TO RUN CONCURRENT WITH ANY SENTENCE PRESENTLY SERVING IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.