825 So.2d 59 (2002)
Robert Lee PARKER, Sr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00697-COA.
Court of Appeals of Mississippi.
August 27, 2002.
*61 Felicia Dunn Burkes, Gulfport, for appellant.
Office Of The Attorney General by W. Glenn Watts, for appellee.
Before SOUTHWICK, P.J., BRIDGES, AND BRANTLEY, JJ.
BRIDGES, J., for the Court.
¶ 1. Robert Lee Parker, Sr., was charged in a three count indictment in November of 1998. Count I charged Parker with sexual battery of CM, a child under the age of fourteen and Counts II and III charged Parker with touching a child for lustful purposes. Following a jury trial, Parker was found guilty of all counts and sentenced to fifteen years for each count, to be served concurrently in the Mississippi Department of Corrections, for a total of fifteen years. Aggrieved, Parked perfected his appeal and comes before this Court citing five issues for review:
I. DID THE TRIAL COURT ERR IN REFUSING TO ALLOW A CONTEMPORANEOUS REPORT OF ABUSE TO THAT OF THE DEFENDANT?
II. DID THE TRIAL COURT ERR IN DENYING DEFENSE COUNSEL CHALLENGES FOR CAUSE FOR VENIRE MEMBERS 1-7 AND 2-10?
III. DID THE TRIAL COURT ERR IN REFUSING ALL PROPOSED DEFENSE JURY INSTRUCTIONS, SPECIFICALLY D-5 AND D-6?
IV. DID THE TRIAL COURT ERR IN ALLOWING THE PROSECUTOR'S NEGATIVE STATEMENT DURING CLOSING REMARKS?
V. DID THE TRIAL COURT ERR IN DENYING A DIRECTED VERDICT AS *62 THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 2. Finding no error, we affirm the conviction and sentence of the lower court.

Statement of the Facts
¶ 3. Parker resided at Cypress Lane Apartments in Gulfport, Mississippi, where CM, the ten-year-old victim, also lived with her family. Parker and CM befriended one another and would frequently visit together at the swimming pool area of the apartment complex. As their relationship continued, CM would visit Parker's apartment to borrow videos. Occasionally, CM would accompany Parker and his wife on outings in their red Mustang convertible to places like Marine Life and McDonald's. On one occasion, when Parker's grandchildren were visiting, CM spent the night in the Parkers's home.
¶ 4. CM told the courtesy police officer at the apartment complex, another friend of hers, that Parker did something to her. The courtesy officer contacted officers from the Gulfport Police Department who came to investigate the case. CM gave her statement to the police, alleging that Parker had committed sexual acts on her.
¶ 5. At trial, CM testified that sexual incidents happened with Parker "about three or four times." She stated that the first incident happened downstairs in Parker's apartment when CM awoke from a nap and Parker was rubbing her body on the outside of her clothes with his hands. She further testified that he put his hands under her shirt to touch her breasts. The second incident also occurred downstairs at Parker's apartment when Parker performed oral sex on CM and digitally penetrated her. The third incident occurred upstairs in Parker's bedroom when he played a pornographic videotape in the VCR for CM to watch. Additionally, Parker showed CM vibrators and other pornographic literature. The fourth incident included Parker touching CM's buttocks on the outside of her clothes. Another incident occurred at the swimming pool located in the apartment complex when Parker attempted to remove CM's swimsuit but was unsuccessful. CM also testified that Parker threatened her and verbally assaulted her.
¶ 6. CM's testimony was impeached by defense counsel's use of CM's statement to the police. Mrs. Parker testified that her husband was not in the State of Mississippi during the time the alleged events occurred. Parker testified in his own defense and emphatically denied that any sexual incidents ever occurred between him and CM.

Legal Analysis

I. DID THE TRIAL COURT ERR IN REFUSING TO ALLOW A CONTEMPORANEOUS REPORT OF ABUSE TO THAT OF THE DEFENDANT?
¶ 7. Parker argues that he should have been allowed to submit evidence of a contemporaneous report of sexual abuse by CM alleged against a different man. Parker relies on Mississippi Rules of Evidence 412(b)(2)(C) as authority. The State rebuts that although the second alleged abuse was disclosed at the same time as the allegation against Parker, the second report was about a different man in a different apartment on a different day and therefore Rule 412 is inapplicable.
¶ 8. The record indicates that CM spoke of two different men, Parker and Allen Gray Sheely, Sr., who had sexual encounters with her. CM said that Parker's abuse occurred in his apartment and Sheely's abuse occurred in his apartment. The two men and the two cases are unrelated, with the exception that they share the same victim. CM told gave information to *63 the Gulfport police officers who were investigating the crimes. The police department did not investigate the crimes jointly, illustrated by the fact that each crime has a specific and different file number.
¶ 9. The attempt to offer evidence about a different, unrelated incidence of sexual abuse by the defense was improper and irrelevant following Mississippi Rules of Evidence Rule 412. Rule 412 prohibits "the introduction of evidence of a victim's past sexual behavior unless it falls under one of the three exceptions in rule 412(b)(2)." Peterson v. State, 671 So.2d 647, 657 (Miss.1996). These exceptions include:
(A) Past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen, pregnancy, disease, or injury; or
(B) Past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which a sexual offense is alleged; or
(C) False allegations of past sexual offenses made by the alleged victim at any time prior to the trial.
M.R.E. 412(b)(2)(A)-(C). The purpose of Rule 412 is to impede counsel for the defense from putting the victim on trial or unfairly invading the victim's privacy and diverting the attention of the jury away from the true issue. Peterson, 671 So.2d at 657. Subsections (A) and (B) are not applicable to the case at bar. Looking solely at subsection (C), defense counsel attempted to introduce evidence of an allegation of abuse, not a false allegation of abuse as the rule dictates. Had the two allegations been correlated, the allegation would have been relevant and admissible by an exception to show a different source for the injury. However, the cases are not related and therefore the allegation is inadmissable.
¶ 10. "The relevancy and admissibility of evidence is largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Peterson, 671 So.2d at 658 (quoting Johnson v. State, 655 So.2d 37, 41 (Miss.1995)). It is clear from the record that the trial court properly excluded the evidence concerning the allegations against Mr. Sheely. This Court will not overturn the determination, as no abuse of discretion is evident.

II. DID THE TRIAL COURT ERR IN DENYING DEFENSE COUNSEL CHALLENGES FOR CAUSE FOR VENIRE MEMBERS 1-7 AND 2-10?
¶ 11. Parker challenged venire members 1-7, Craig Wagner, and 2-10, Sylvia Willis, for cause based upon answers they gave during voir dire. Both challenges were denied which forced Parker to exclude Wagner with a peremptory challenge. He exhausted his remaining challenges and, therefore, Willis was sworn in as a member of the jury.
¶ 12. "The circuit judge, as he must, has wide discretion in determining whether to excuse any prospective juror, including one challenged for cause." Scott v. Ball, 595 So.2d 848, 849 (Miss.1992). "The circuit judge has an absolute duty, however, to see that the jury selected to try any case is fair, impartial and competent." Id. at 850 (citing Miss. Const. art. 3, § 26).
¶ 13. During voir dire, the venire members were asked if they or any member of their family had ever been the victim of a sexual crime. Several members answered, two of which were Wagner and Willis.
*64 ¶ 14. Wagner had a niece who was the victim of an attempted crime. The perpetrator in that case did not go to trial which caused anger in the Wagner family. When asked if he could accept a ruling of the court and "not raise any questions, not experience any anger" and "evaluate it based solely on the evidence that the judge says is admissible," Wagner answered "I guess I can answer yes, except I can't guarantee that I wouldn't feel any anger." Defense counsel asked further, "[w]ith that anger, sir, can you tell me that that anger that you might feel would not in any way interfere with your ability to calmly and objectively deliberate the facts and the evidence as the law applies?" Wagner answered, "Yes. I can tell you that."
¶ 15. Ms. Willis's situation was more on point with the case at bar. Apparently, Ms. Willis's daughter was molested at the age of ten. The child did not disclose this fact until after the perpetrator had passed away. The court asked Willis if "that experience [would] influence or override your ability to be fair and impartial to Mr. Parker?" Willis answered, "I don't feel that it would but." She further stated that "I can understand if the lawyer would not wish me to be on the jury." When further questioned by the court about her ability to apply the law to the facts of Parker's case, Willis answered that she feels that "he is innocent until he is proven guilty."
¶ 16. Both venire members answered that they could put their past similar experiences behind them and be fair to both the State and Parker. "[J]urors take their oaths and responsibilities seriously, and when a prospective juror assured the court that, despite the circumstance that raises some question as to his qualification, this will not affect his verdict, this promise is entitled to considerable deference." Scott, 595 So.2d at 850 (citing Harding v. Estate of Harding, 185 So.2d 452, 456 (Miss.1966)).
¶ 17. Parker fails a threshold test for review on appeal as to the claim against juror Wagner. To present a claim concerning a prospective juror, the appellant must show that he had exhausted all of his peremptory challenges and that the juror was forced upon him by the trial court's erroneous ruling. Chisolm v. State, 529 So.2d 635, 639 (Miss.1988). Wagner was excused from the jury by a peremptory challenge by Parker, thus the test is not met. Therefore, we only review the issue concerning Willis.
¶ 18. If the trial court was aware that a juror would be unable to fairly try the case, the case of Atkinson v. State would require that the judge strike that juror for cause. Forbes v. State, 437 So.2d 59, 61 (Miss.1983) (citing Atkinson v. State, 371 So.2d 869, 870 (Miss.1979)). The trial judge reviewed the answers given by Willis. He reviewed the demeanor of Willis and the candidness of her answers. He stated that he would "have to take it in the totality" and "[did not] feel that she's challengeable for cause." He further stated that "she was trying to be as candid with the court and she wasn't reserved about it, and based upon my observation as well as what she said, based on the questions that were asked of her, I find that the burden of proof to strike her for cause has not been met, and she is, as far as I'm concerned, a qualified juror."
¶ 19. The judgment-call about jurors with conflicts is within the province of the judge, and "one we will not on appeal second guess in the absence of a record showing a clear abuse of discretion." Scott, 595 So.2d at 850. As such, we would affirm as to this issue.

*65 III. DID THE TRIAL COURT ERR IN REFUSING ALL PROPOSED DEFENSE JURY INSTRUCTIONS, SPECIFICALLY D-5 AND D-6?
¶ 20. Parker asserts that the judge erred in refusing all proposed jury instructions, specifically the instructions concerning the lesser offense of dissemination of pornographic materials. It is his argument that the jury could believe that the only thing that occurred with Parker was the viewing of pornographic material based upon the inconsistencies in CM's testimony. The State counters that the dissemination of materials is not a lesser-included offense of sexual battery and that there was no factual basis for the granting of such instruction.
¶ 21. Sexual battery is a crime set forth in section 97-3-95 of the Mississippi Code. It partially states that "(1) A person is guilty of sexual battery if he or she engages in sexual penetration with...." Miss.Code Ann. § 97-3-95(1) (Supp.2001). Subsection (d) applies to the case at bar by stating "A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child." Miss.Code Ann. § 97-3-95(1)(d) (Supp.2001).
¶ 22. Touching of a child for lustful purposes is set forth in section 97-5-23 of the Mississippi Code. It states in pertinent part that
any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent, ... shall be guilty.
Miss.Code Ann. § 97-5-23(1) (Supp.2001).
¶ 23. The standard regarding whether one offense is a lesser-included offense of another is set out in Sanders v. State:
Whether applied for the benefit of the state or defense, in order to authorize such instruction the more serious offense must include all the elements of the lesser offense, that is, it is impossible to commit the greater offense without at the same time committing the lesser included offense. Also, there must be some evidence to support the lesser included offense.
Sanders v. State, 479 So.2d 1097, 1108 (Miss.1985). The trial court based the decision to refuse the instructions upon the failure to present proof of the lesser crime. "Such instructions should not be indiscriminately granted, nor should they be based upon pure speculation." Ormond v. State, 599 So.2d 951, 960-61 (Miss.1992) (citing Mease v. State, 539 So.2d 1324, 1330 (Miss. 1989); Fairchild v. State, 459 So.2d 793, 801 (Miss.1984)).
¶ 24. The lesser crime was not supported by evidence requiring the grant of the instructions. As such, this assignment of error is not meritorious.

IV. DID THE TRIAL COURT ERR IN ALLOWING THE PROSECUTOR'S NEGATIVE STATEMENT DURING CLOSING REMARKS?
¶ 25. Parker argues that the State made a remark in closing arguments that illustrates the prejudice of the failure to allow the previous statement by CM about a second perpetrator into evidence (Issue I). The assistant district attorney asked, "Have you heard why CM would lie? Have any of you heard evidence that would tell you a reason for this girl sitting right here to come in here and to lie to you about what happened to her?" Parker argues that if the jury had been allowed to hear evidence concerning the other allegations of CM, "they may well have been *66 able to see her motive to lie or at least her inability to tell the truth." The State contends that closing argument should be viewed in the context in which it occurred and in doing so, it would not be an improper remark.
¶ 26. Reviewing the analysis of Issue I, the information concerning an allegation of sexual abuse against Mr. Sheely was improper and irrelevant. Rule 412 correctly excluded the admittance of such evidence to protect the victim.
¶ 27. The remark made by the prosecution was not improper. The defense was attempting to assert that the Sheely allegation is false but the record does not indicate that, in fact, the allegation was false. Without such a surety, the allegation is not allowed and therefore the prosecutor's remark was not improper. "A child is not presumed to be dishonest and should be viewed as truthful as any other witness." Burbank v. State, 800 So.2d 540, 545(¶ 13) (Miss.Ct.App.2001).
¶ 28. This assignment of error is without merit.

V. DID THE TRIAL COURT ERR IN DENYING A DIRECTED VERDICT AS THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 29. Our standard for reviewing challenges to convictions based on sufficiency of the evidence is well established. The Mississippi Supreme Court has stated:
[T]he sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [Parker's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury.
McClain v. State, 625 So.2d 774, 778 (Miss. 1993). We reverse when, with respect to an element of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. Id.; Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 30. We are of the opinion that the facts in the case at bar do not meet the McClain standard requiring reversal. There was sufficient evidence presented that a reasonable and fair-minded juror could, and consequently did, find that Parker was guilty. The jury was the sole fact-finder in the case and we do not sit as a new jury and reevaluate the evidence.
As stated in Henson v. Roberts:
The demeanor or bearing, the tone of voice, the attitude and appearance of the witnesses, all are primarily for inspection and review by the jury. The jury not only has the right and duty to determine the truth or falsity of the witnesses, but also has the right to evaluate and determine what portions of the testimony of any witness it will accept or reject; therefore unless it is clear to this Court that the verdict is contrary to the overwhelming weight of the credible testimony, this court will not set aside the verdict of a jury.
Henson v. Roberts, 679 So.2d 1041, 1045 (Miss.1996).

Conclusion
¶ 31. All of Parker's assignments of error fail. As such, this Court affirms the conviction and sentence of the lower court.
¶ 32. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT, OF CONVICTION ON COUNT I OF SEXUAL BATTERY OF A CHILD UNDER THE AGE OF FOURTEEN *67 YEARS AND SENTENCE OF FIFTEEN YEARS; COUNTS II AND III OF TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FIFTEEN YEARS EACH TO RUN CONCURRENTLY TO SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., AND SOUTHWICK, P.J., THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, J.
KING, P.J., dissenting.
¶ 33. I respectfully dissent from the majority's holding that the trial court did not abuse its discretion in denying Parker's challenge to juror Willis for cause.
¶ 34. Parker was being tried for the sexual abuse of a ten-year-old female. Willis stated that at age ten, her daughter had been sexually abused in circumstances very similar to those in Parker's case. That the circumstances are so remarkably similar would cause any reasonable person to question whether Willis, good intentions notwithstanding, could avoid allowing the sexual abuse of her ten-year-old daughter to impact her view of the evidence against Parker.
¶ 35. I therefore believe the trial court erred in refusing the challenge for cause.
¶ 36. While it is true that the acceptance or denial of a challenge for cause, is a matter which rests within the sound discretion of the trial court, Gorman v. McMahon, 792 So.2d 307(¶ 25) (Miss.Ct. App.2001), however, "the circuit judge's discretion in determining a juror's qualification where a reasonable challenge has been made is considerably narrowed where, without great inconvenience, other prospective jurors may be readily summoned. When a rational challenge is made by a party to a prospective juror, and other jurors against whom no challenge is made are available, the circuit judge should ordinarily excuse the challenged juror." Scott v. Ball, 595 So.2d 848, 849 (Miss.1992).
¶ 37. I would therefore reverse and remand for a new trial.
IRVING, J., JOINS THIS SEPARATE OPINION.