MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Luther Sheffield appeals his conviction for fondling his teenage daughter. He argues the trial court erred by refusing his proposed jury instruction on simple assault as a lesser-included offense. We disagree and find the record does not support Sheffield’s simple-assault instruction because there was no evidence that Sheffield’s sexually inappropriate actions caused his daughter imminent fear of serious bodily injury.
 

 ¶ 2. Further, viewing the evidence in the light most favorable to the verdict, we find no injustice in the jury finding Sheffield guilty based on the testimony of the victim and her friends and family. We therefore affirm the trial judge’s denial of Sheffield’s request for a new trial.
 

 FACTUAL BACKGROUND
 

 ¶ 3. On February 23, 2008, Sheffield kissed and caressed his fifteen-year-old daughter
 
 [1]
 
 in a sexual manner in front of two of her friends. Concerned by Sheffield’s inappropriate behavior, the friends reported the events to a deputy sheriff stationed at their high school. After questioning the daughter, the deputy arrested Sheffield. An indictment was later returned charging Sheffield with touching a child for lustful purposes (fondling) in violation of Mississippi Code Annotated section 97-5-23 (Rev.2006).
 

 ¶ 4. At trial, the daughter testified that, during the night of February 23, 2008, her father kissed her on the mouth. Later, while they were in the car with her two friends, he repeatedly rubbed his hand along her inner thigh near her groin. She explained that, since becoming a teenager, her father frequently made her uncomfortable by kissing her on the neck and mouth and caressing her hair. And he often barged in on her while she was dressing in the bathroom, refusing to leave when asked.
 

 ¶ 5. Her mother testified that Sheffield would at times have his daughter lay down with him, rubbing her thigh as he fell asleep. Two of the daughter’s friends also testified, both corroborating that Sheffield had kissed his daughter and rubbed her thigh in a way that appeared sexually inappropriate. Testimony also revealed Sheffield'frequently referred to his daughter as a “whore” and a “slut,” as well as other derogatory names.
 

 ¶ 6. Before closing arguments, Sheffield requested a jury instruction on simple assault, as a lesser-included offense of fondling. The trial judge refused the instruction because it was neither supported by the evidence nor a lesser-included offense of fondling.
 

 ¶7. The jury found Sheffield guilty of touching a child for lustful purposes. Sheffield moved for a new trial, arguing the verdict is against the overwhelming weight of the evidence. The trial judge denied Sheffield’s motion and sentenced Sheffield to fifteen years in the custody of the Mississippi Department of Corrections, with five of those years suspended.
 
 [2]
 
 Sheffield timely appealed.
 

 
 *532
 
 DISCUSSION
 

 I. Simple-Assault Jury Instruction
 

 ¶ 8. Sheffield requested an instruction that the jury find him guilty of simple assault, and not fondling, if it found “beyond a reasonable doubt that ... Sheffield did attempt by physical menace to put [his daughter] in fear of imminent or serious bodily harm.” Sheffield argues he was entitled to the instruction because simple assault is a lesser-included offense of fondling.
 

 ¶ 9._ But simple assault is not a lesser-included offense of fondling.
 
 Ladnier v. State,
 
 878 So.2d 926, 932 (¶¶ 21-25) (Miss.2004);
 
 Goodnite v. State,
 
 799 So.2d 64, 68 (¶¶ 20-23) (Miss.2001). To be a lesser-include offense, all the elements of simple assault must be included in the elements of fondling.
 
 Parker v. State,
 
 825 So.2d 59, 65 (¶ 23) (Miss.Ct.App.2002) (quoting
 
 Sanders v. State,
 
 479 So.2d 1097, 1108 (Miss.1985)). And it must be “impossible to commit the greater offense without at the same time committing the lesser included offense.”
 
 Id.
 

 ¶ 10. The Mississippi Supreme Court has explained that it is possible to commit fondling without committing an assault:
 

 A person is guilty of simple assault if he attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or attempts by physical menace to put another in fear of imminent serious bodily harm. Miss.Code Ann. § 97-3-7. A person is guilty of fondling a child if he is over the age of eighteen, the child was under the age of sixteen, and if the defendant touched the child with either his hands or another part of his body for the purpose of gratifying his lust.
 
 Id.
 
 § 97-5-23.
 

 Ladnier,
 
 878 So.2d at 932 (¶ 22). A person can be guilty of fondling by “offensive touching which denotes sexual gratification which, while emotionally uncomfortable, does not necessarily cause bodily injury.”
 
 Id.
 
 at 932 (¶ 24). Thus, the element of bodily injury or imminent fear of serious bodily harm is not necessarily included in the offense of fondling.
 

 ¶ 11. Assault, however, under certain circumstances, may be a lesser won-included offense of fondling, carrying a lesser punishment.
 
 Compare
 
 Miss.Code Ann. § 97-3-7 (Supp.2010) (simple assault punishable up to six months in county jail and $500 fine)
 
 with
 
 Miss.Code Ann. § 97-5-23 (fondling punishable up to fifteen years in custody of the MDOC and $5,000 fine).
 
 See also Brady v. State,
 
 722 So.2d 151, 160-61 (¶ 38) (Miss.Ct.App.1998) (discussing lesser non-included offenses).
 

 ¶ 12. Mississippi is one of the few states that allows defendants lesser non-included offense instructions.
 
 Compare Griffin v. State,
 
 533 So.2d 444, 447-48 (Miss.1988) (discussing right of defendants in Mississippi to lesser non-included-offense -instructions)
 
 with Hopkins v. Reeves,
 
 524 U.S. 88, 97, 118 S.Ct. 1895, 141 L.Ed.2d 76 (1998) (rejecting concept that defendant is entitled to a lesser non-included-offense instruction);
 
 State v. Corliss,
 
 168 Vt. 333, 721 A.2d 438, 443 (1998) (finding the allowance of lesser non-included offense instructions “is followed in only a minority of jurisdictions”). The majority of jurisdictions have refused lesser non-included offense instructions reasoning that instructing a jury on an offense not included in the indictment is unprecedented, unworkable, and unfair.
 
 See, e.g., Hopkins,
 
 524 U.S. at 97, 118 S.Ct. 1895 (finding “there could be no basis for determining the offenses for which instructions are warranted”);
 
 Peo
 
 
 *533
 

 ple v. Birks,
 
 19 Cal.4th 108, 77 Cal.Rptr.2d 848, 960 P.2d 1073, 1074 (1998) (doing away with the lesser non-included offense instruction because, among other problems, it gave “the defendant a superior trial right to seek and obtain conviction for a lesser uncharged offense whose elements the prosecution has neither pled nor sought to prove”);
 
 see also Brooks v. State,
 
 18 So.3d 859, 876 (¶¶ 48-54) (Miss.Ct.App.2008) (Carlton, J., dissenting) (discussing problems created by Mississippi’s lesser non-included offense doctrine);
 
 McDonald v. State,
 
 784 So.2d 261, 266 (¶¶20, 41) (Miss.Ct.App.2001) (Southwick, J., concurring) (same).
 

 ¶ 13. The Mississippi Supreme Court recently reaffirmed its adherence to this minority view.
 
 See Williams v. State,
 
 53 So.3d 734 (Miss.2010) (rehearing pending) (reversing murder conviction for trial court’s refusal of defendant’s requested assisted suicide instruction);
 
 see also Brooks v. State,
 
 18 So.3d 833, 839-41 (Miss.2009) (finding defendant entitled to reckless-driving instruction in trial for aggravated assault). Therefore, we must ask whether Sheffield’s proposed assault instruction touched on a lesser non-included offense. In reviewing the qualifying factors, we first ask whether the lesser offense arose from the same operative facts.
 
 Moore v. State,
 
 799 So.2d 89, 91 (¶7) (Miss.2001). If not, the inquiry ends here. Second, there must be an evidentiary basis in the record for the instruction.
 
 Id.
 
 The standard for determining whether an eviden-tiary basis exists is the same for a lesser non-included offense as it is for a lesser included offense.
 
 Brady,
 
 722 So.2d at 160-61 (¶ 38) (citing
 
 Harper v. State,
 
 478 So.2d 1017, 1021 (Miss.1985)). The trial court should grant the instruction unless it can say, “taking the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser [non-]included offense (and conversely not guilty of at least one element of the principal charge).”
 
 Id.
 
 (quoting
 
 Harper,
 
 478 So.2d at 1021).
 

 ¶ 14. The trial judge denied the assault instruction because Sheffield failed to meet the second qualification — there was no evidence supporting a reasonable juror’s finding that Sheffield’s actions were designed to instill imminent fear of serious bodily injury. Reviewing the evidence in the light most favorable to Sheffield, we find no error. Sheffield’s daughter did not testify that her father’s touching her on February 23, 2008, put her in fear of serious bodily injury. And her friends testified they reported Sheffield’s behavior because they viewed it as sexual and inappropriate, not because they found it physically threatening.
 
 See Ladnier,
 
 878 So.2d at 932 (¶ 24) (noting sexually offensive touching does not necessarily cause bodily injury).
 

 ¶ 15. Because none of the evidence shows that Sheffield attempted to put his daughter in fear of serious bodily harm, Sheffield was not entitled to an instruction on the lesser non-included offense of simple assault.
 
 Id.
 
 at 932 (1125);
 
 Goodnite,
 
 799 So.2d at 69 (¶ 25).
 

 II. Motion for New Trial
 

 ¶ 16. Sheffield claims the jury took the evidence against him out of context. He argues the jury misunderstood his caressing of his daughter and wrongfully interpreted his intention underlying the touching. He argues that because neither his daughter nor his wife had confronted Sheffield at the time the touching occurred, the jury should have properly inferred that his behavior was neither inappropriate nor a violation of the law.
 

 
 *534
 
 ¶ 17. In reviewing a denial of a motion for new trial, we are instructed to weigh the evidence “in the light most favorable to the verdict,” not the defendant.
 
 Weathersby v. State,
 
 919 So.2d 1146, 1149 (¶ 12) (Miss.Ct.App.2005) (citing
 
 Bush v. State,
 
 895 So.2d 836, 844 (¶ 18) (Miss.2005)). Sheffield’s motion for a new trial challenged the weight of the evidence.
 
 Id.
 
 “[T]he power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.”
 
 Bush,
 
 895 So.2d at 844 (¶ 18). In other words, a verdict must be “so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Weathersby,
 
 919 So.2d at 1149 (¶ 12) (quoting
 
 Bush,
 
 895 So.2d at 844 (¶18)).
 

 ¶ 18. We find no unconscionable injustice in the trial judge allowing the verdict to stand. To prove fondling, the State must show beyond a reasonable doubt: (1) the defendant is eighteen years of age or older; (2) he handled, touched, or rubbed with his hands or any part of his body or member thereof a child under the age of sixteen years, with or without the child’s consent; and (3) the purpose of the touching was the gratification of his lust or the indulgence of his licentious sexual desires.
 
 Goodnite,
 
 799 So.2d at 68 (¶ 22) (citing Miss.Code Ann. § 97-3-7). Sheffield was thirty-four years old on February 23, 2008, and his daughter was fifteen. Sheffield’s daughter testified he kissed her on the lips and rubbed her near her groin. She also testified Sheffield had often touched her in a way that felt uncomfortably sexual and talked explicitly about his having sex with her mother. Her two friends who witnessed Sheffield fondle his daughter testified Sheffield’s behavior appeared inappropriate and sexual in nature. Sheffield also had frequently referenced his daughter in sexually derogatory terms and openly discussed her breasts and her potential sexual activity.
 

 ¶ 19. Viewing this evidence in the light most favorable to the verdict, we find sufficient evidence existed for the jury to find Sheffield guilty of touching a child for lustful purposes. Therefore, the trial judge correctly denied Sheffield’s motion for new trial.
 

 CONCLUSION
 

 ¶ 20. Finding no error in the trial judge’s refusal of Sheffield’s simple-assault instruction or the denial of Sheffield’s motion for new trial, we affirm the trial court’s judgment.
 

 ¶ 21. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT OF CONVICTION OF TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION, AND TO PAY A $2,000 FINE, $500 IN RESTITUTION, AND $1,000 TO THE MISSISSIPPI CHILDREN’S TRUST FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE AND ROBERTS, JJ., CONCUR. BARNES, J„ CONCURS IN PART AND IN THE RESULT. CARLTON, J„ CONCURS IN RESULT ONLY.
 

 [1]
 

 . The victim was Sheffield's natural daughter. Because of the nature of the crime and the fact the victim is a minor, we refrain from using her name, referring to her simply as “daughter."
 

 [2]
 

 . The trial judge also sentenced Sheffield to five years supervised probation after he served ten years and ordered him to pay a $2,000 fine, $500 in restitution, and $1,000 to the Mississippi Children’s Trust Fund.