FAIR, J.,
for the Court:
¶ 1. Christopher Smith was convicted of aggravated assault and possession of a firearm by a convicted felon. The Nesho-ba County Circuit Court sentenced Smith to serve twenty years for aggravated assault, five years for possession of a firearm, and ten years for the use or display of a firearm in the commission of a felony. Smith appeals arguing that the trial court erred in enhancing his sentence, refusing an attempted-murder instruction, and admitting his confessions. Finding that the jury determined every fact necessary for Smith’s enhancement, that there is no view of the evidence in which Smith is guilty of attempt and not aggravated assault, and that Smith initiated his communications with the police, we affirm.
FACTS
¶ 2. Wearing camouflage and a face mask, Smith approached Nellie Woodward’s carport as she was unloading groceries. He shot her five times and fled the scene. Woodward suffered wounds to the chest, abdomen, hip, and left arm but survived. The next day, the sheriffs department found Smith in the woods about a mile from Woodward’s house. He was still dressed in camouflage.
¶ 3. At trial, Woodward identified Smith as her attacker. She knew him because he was dating her granddaughter. Woodward was able to identify him despite the mask because he had a distinctive tattoo underneath his right eye, which was visible through the mask’s eye hole. David Whitehead, of the Mississippi Crime Lab, testified that there were particles on Smith’s right hand that indicated gunshot residue. And Investigator Ralph Sciple testified that Smith’s boots matched footprints found near Woodward’s carport. Smith did not testify, but he gave three statements to the authorities that were admitted into evidence. In the last statement, Smith confessed.
DISCUSSION
1. Sentence Enhancement
¶ 4. In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court stated: “[Ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable *880 doubt.” Smith argues that the jury did not make the required factual findings for the sentence enhancement. Specifically, he contends that the jury never found that he displayed or used a firearm in the commission of a felony.
¶ 5. Initially, Smith faces a procedural bar in raising this point of error because he did not raise it in the trial court. See Brown v. State, 995 So.2d 698, 703 (¶ 21) (Miss.2008). But “[substantial increases in sentence ... implicate due process to such a degree as to avoid procedural bars.” Id. at 703 (¶ 22) (citing Smith v. State, 477 So.2d 191, 195 (Miss.1985)).
¶ 6. Section 97-37-37(2) of the Mississippi Code Annotated (Supp.2012) states: “[A]ny convicted felon who uses or displays a firearm during the commission of any felony shall ... be sentenced to an additional term of imprisonment ... of ten (10) years, to run consecutively....” In Count I the jury found, beyond a reasonable doubt, that Smith used a firearm to commit an aggravated assault. In Count II the jury found, beyond a reasonable doubt, that he was a convicted felon. Smith does not point to any specific element of the statute that was not decided by the jury. Instead, he analogizes his case to Brown v. State, 995 So.2d 698, 704-OS (¶¶ 26-30) (Miss.2008), where a sentence enhancement was vacated because the trial judge, not the jury, decided Brown was within 1,500 feet of a church. Here, the facts are easily distinguishable; every element of the sentence enhancement was contained in the indictment, submitted to the jury, and decided by the jury. We find this issue is without merit. See Mayers v. State, 42 So.3d 33, 45-46 (¶¶ 51-52) (Miss.Ct.App.2010).
¶ 7. We also point out that the recent Mississippi Supreme Court decision Harris v. State, 99 So.3d 169, 174 (¶ 26) (Miss.2012), is not applicable here. In Harris, the defendant was a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007), which required he be sentenced to the maximum sentence of twenty years for aggravated assault. Harris, 99 So.3d at 171 (¶ 9). The court found that the enhancement under section 97-37-37(2) was not available because another provision of law, section 99-19-81, effectively provided a greater minimum sentence. Harris, 99 So.3d at 174 (¶ 26). Smith is not a habitual offender, and no other applicable provision of law provides a greater minimum sentence than ten years. The minimum sentence for aggravated assault under Mississippi Code Annotated section 97-3-7(2) (Supp.2012) is one year.
2. Attempted Murder
¶ 8. Smith argues that the circuit court erred in refusing to submit a jury instruction on attempted murder. Smith’s motivations are obvious — the maximum sentence for attempted murder is ten years, much less than the twenty years Smith received for aggravated assault.
¶ 9. To qualify for a lesser-non-included-offense instruction, Smith must show (1) that the lesser offense arose from the same operative facts and (2) that there is an evidentiary basis in the record for the instruction. Williams v. State, 53 So.3d 734, 740-41 (¶ 32) (Miss.2010). In analyzing the evidentiary-basis prong:
The trial court should grant the instruction unless it can say taking the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser non-included offense (and conversely not *881 guilty of at least one element of the principal charge).
Sheffield v. State, 64 So.3d 529, 533 (¶ 13) (Miss.Ct.App.2011) (quoting Brady v. State, 722 So.2d 151, 161 (¶ 38) (Miss.Ct.App.1998)).
¶ 10. The circuit court correctly noted that the crime of attempted murder would require the State to prove a specific intent element that is not required for aggravated assault. The intent requirement could be met with the assumption of malice inferred from the use of a deadly weapon. See Russell v. State, 497 So.2d 75, 76 (Miss.1986). Thus, both charges could be established by the same evidence. But, “the same evidence that would otherwise have entitled [the defendant] to an attempted murder instruction legally un-dergirds his conviction of aggravated assault.” McGowan v. State, 541 So.2d 1027, 1030 (Miss.1989). There is no view of the evidence under which Smith could be found guilty of attempted murder and not guilty of aggravated assault. Id. This assignment of error fails.
¶ 11. Further, “the [S]tate is under no obligation to prosecute under the statute with the lesser penalty. It may choose to prosecute under either, and so long as the choice is clear and unequivocal the defendant has no right to complain.” Beckham v. State, 556 So.2d 342, 343 (Miss.1990) (quoting Cumbest v. State, 456 So.2d 209, 222 (Miss.1984)). The indictment clearly charged Smith with aggravated assault under section 97~3-7(2)(a) of the Mississippi Code Annotated. There was no ambiguity.
3. Defendant’s Statements
¶ 12. Finally, Smith asserts that the circuit court erred in admitting his second and third statements to Investigator Sci-ple. He argues that these statements were made after his initial appearance and his right to counsel had attached. Because counsel was not present when the statements were given, Smith argues they should have been suppressed.
¶ 13. Smith certainly had a right to counsel at any post-arraignment custodial interrogations. See United States v. Gouveia, 467 U.S. 180, 187, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984). An initial hearing signals the beginning of adversarial judicial proceedings and the attachment of the Sixth Amendment. Id. The question then becomes whether Smith validly waived his right to counsel. The State bears the burden of establishing a valid waiver. Brewer v. Williams, 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). We note that under Montejo v. Louisiana, 556 U.S. 778, 789-796, 129 S.Ct. 2079, 173 L.Ed.2d 955 (2009), post-initial-hearing waivers are no longer presumed to be involuntary.
¶ 14. The flaw in Smith’s argument is that the right to counsel is not violated when the defendant initiates contact with authorities. The constitutional safeguards Smith now seeks to assert only deal with police-initiated interrogations. See Wilcher v. State, 697 So.2d 1123, 1129 (Miss.1997). “Nothing in the Sixth Amendment prevents a suspect ... represented by counsel from voluntarily choosing, on his own, to speak with police.... [T]he Sixth Amendment does not disable a criminal defendant from exercising his free will.” Id. Once the right to counsel attaches, a defendant may not be further interrogated “unless the accused himself initiates further communication, exchanges, or conversations with the police.” Barnes v. State, 30 So.3d 313, 316-17 (¶ 8) (Miss.2010) (quoting Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)).
*882 ¶ 15. Smith asserts that he did not intend to open communication regarding the charges. He claims he only asked to speak to Investigator Sciple about receiving medical attention, and then “the interrogations were instigated by Sciple.” Thus, it is uncontested that Smith initiated contact with Investigator Sciple before giving the second and third statements.
¶ 16. Our “standard of review for the admission or suppression of evidence is abuse of discretion.” Miss. Tmnsp. Comm’n v. McLemore, 863 So.2d 31, 34 (¶ 4) (Miss.2003). Who initiated communication regarding the charges is a question of fact. The circuit judge held a suppression hearing[1] where Investigator Sciple testified that Smith had asked to speak with him. Smith testified that he asked for medical attention. The resolution of conflicting testimony in a suppression hearing is left to the trial judge as the finder of fact. Alexander v. State, 610 So.2d 320, 328 (Miss.1992). Smith’s points to nothing in the record that shows manifest error in the trial court’s decision, and we are not convinced that Smith’s uncorroborated testimony was of such worth that it substantially outweighed that of Investigator Sciple. See Littleton v. State, 774 So.2d 473, 476 (¶ 10) (Miss.Ct.App.2000). The circuit judge did not abuse his discretion in admitting Smith’s statements.
¶ 17. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT, AND SENTENCES OF TWENTY YEARS AND TEN YEARS AS AN ENHANCEMENT FOR THE USE OR DISPLAY OF A FIREARM IN THE COMMISSION OF A FELONY, WITH THE TEN-YEAR ENHANCEMENT TO RUN CONSECUTIVELY TO THE TWENTY-YEAR SENTENCE; AND COUNT II, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE OF FIVE YEARS, WITH THE SENTENCE TO RUN CONSECUTIVELY TO THE TWENTY-YEAR SENTENCE IN COUNT I AND CONSECUTIVELY TO THE TEN-YEAR ENHANCEMENT, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.

. At the hearing, Smith argued that he confessed because Investigator Sciple made promises of reward. The suppression hearing was focused on that issue, not Smith's right to counsel.