IRVING, P.J.,
for the Court:
¶ 1. A Madison County jury convicted Craig D. Sallie of aggravated assault and possession of a firearm by a convicted *873 felon. The circuit court sentenced him to twenty years for the aggravated-assault conviction and ten years for the felon-in-possession-of-a-firearm conviction, with both sentences to run concurrently. The circuit court also sentenced Sallie to an additional ten years pursuant to Mississippi Code Annotated section 97-37-37(2) (Supp.2013), to run consecutively to the other sentences. Sallie filed a motion for a new trial, which the circuit court denied. Feeling aggrieved, Sallie appeals and argues that the circuit court erred by limiting his cross-examination of Gregory Johnson and by enhancing his sentence.
¶ 2. Finding no error, we affirm,
FACTS
¶ 3. Prior to the incident giving rise to Sallie’s convictions, Sallie accused Johnson of stealing a bottle of whiskey from him. Johnson testified that Sallie had threatened him twice regarding the whiskey. On November 28, 2011, an unarmed Johnson walked past Sallie’s house en route to his own home.[1] According to Johnson, as he walked past Sallie’s house, Sallie yelled to him, demanding that Johnson come into his yard. Johnson refused and told Sallie to come into the street so that they could settle the dispute like men. Johnson admitted that he called Sallie a coward and a b* * * *. He testified that Sallie then pulled out a gun and stated, “Naw, you come in my yard.” When Johnson turned to walk away, Sallie started shooting at him. Sallie shot Johnson five times, with one bullet hitting Johnson in the spine, paralyzing him from the waist down. In his statement to the police, Sallie claimed that Johnson came into his yard acting like he was drunk and “maybe high.” He also stated that Johnson initiated the dialogue and that he was “mumbling” words to Sallie. Sallie added that he “reacted without conscious” and shot Johnson, but that he did not initially intend to get violent ■with him.
¶ 4. Johnson admitted that he drank whiskey and smoked marijuana on the day of the incident before the shooting occurred. He denied using cocaine that day, but admitted that he had used cocaine in the past. When defense counsel asked Johnson if the blood test performed at the hospital on the day of the shooting indicated that cocaine was in his system, Johnson replied, “I don’t know nothing about that, sir.” The State objected to the line of questioning regarding Johnson’s alleged cocaine use on the day of the incident, arguing that it was irrelevant to Sallie’s guilt or innocence; and even if it were relevant, its probative value was substantially outweighed by the danger of unfair prejudice. The circuit court sustained the objection because defense counsel had no evidence that Johnson had used cocaine on the day of the incident.
¶ 5. Additional facts, as necessary, will be related in the analysis and discussion of thé issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

I. Cross-Examination

¶ 6. “Limitations on cross-examination are reviewed for abuse of discretion.” Anthony v. State, 108 So.3d 394, 397 (¶ 5) (Miss.2013) (citation omitted). “[The appellate court] will affirm the [circuit] court’s exercise of discretion unless the ruling resulted in prejudice to the ac- *874 eused.” Clark v. State, 40 So.3d 531, 542 (¶ 29) (Miss.2010) (quoting Jones v. State, 918 So.2d 1220, 1223 (¶ 9) (Miss.2005)). Sallie argues that the circuit court erred in prohibiting questions involving Johnson’s cocaine use, as Johnson’s cocaine use was relevant to Sallie’s theory of self-defense and to Johnson’s credibility. Sallie did not make this argument at trial and is, therefore, procedurally barred from doing so on appeal. Boyda v. State, 57 So.3d 61, 66-67 (¶ 22) (Miss.Ct.App.2011). Procedural bar notwithstanding, this issue is without merit.
¶ 7. “Mississippi allows wide-open cross-examination of any matter that is relevant!.]” Anthony, 108 So.3d at 397 (¶ 6) (citing Meeks v. State, 604 So.2d 748, 755 (Miss.1992)). Rule 404(a)(2) of the Mississippi Rules of Evidence states:
Evidence of a person’s character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except: ...
Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution to rebut evidence that the victim was the first aggressor [.]
¶ 8. Sallie asserts that he “was entitled to have the jury consider the cocaine information to be used along with the other factors of Johnson’s multi-substance intoxication in deliberating whether Sallie was provoked in allegedly shooting Johnson.” He also argues that he was prejudiced when the circuit court limited his cross-examination of Johnson because “the jury was not allowed to deliberate on Johnson’s denial of cocaine use[.]” As stated, Johnson testified that he had only smoked marijuana and drank alcohol on the day of the incident. He further testified that he had used cocaine on some day before the incident. When the court asked defense counsel if he could prove that Johnson had used cocaine on the day of the incident, defense counsel answered that all he had was the blood test results indicating that cocaine was in Johnson’s system on the day of the incident. Sallie presented no evidence to show that Johnson had used cocaine on the day of the shooting or that cocaine use would have increased Johnson’s propensity for violence.
¶ 9. We have previously held that the absence of evidence that drug use increases a person’s propensities for violence renders evidence of drug use irrelevant. See Rouster v. State, 981 So.2d 314, 319 (¶ 14) (Miss.Ct.App.2007). In Rouster, the defendant, charged with aggravated assault, argued that the circuit court erred in sustaining the State’s objection to defense counsel’s questions about whether the two victims were smoking marijuana on the day of the incident. Id. at 318 (¶ 10). He claimed that the line of questioning was relevant to his self-defense theory. Id. We held that the circuit court properly excluded evidence of whether the victims smoked marijuana that day because the defendant did not present any evidence to indicate that the victims’ propensity for violence might be increased by smoking marijuana or that smoking marijuana increases a person’s propensity for violence generally. Id. at (¶ 12). We see no reason to hold differently here. The court did not abuse its discretion in sustaining the State’s objection to defense counsel’s line of questioning inferring that Johnson had used cocaine on the day of the incident. This issue is without merit.

II. Sentence Enhancement

¶ 10. Sallie insists that he had no notice of the ten-year sentence enhance *875 ment, as the indictment did not mention it. Therefore, the enhanced portion of his sentence is illegal. However, the record does not support Sallie’s assertion. At the conclusion of the trial, the circuit court judge set the date for the sentencing hearing and stated to the parties that he “wish[ed] to consider the firearm enhancement as provided by 97-37-37(2) [during the sentencing hearing].” Although the sentence-enhancement statute is not listed in the indictment, we disagree with Sallie’s assertion that the enhanced portion of his sentence is illegal. Section 97-37-37(2) states:
Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any convicted felon who uses or displays a firearm during the commission of any felony shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the . custody of the Department of Corrections of ten (10) years, to run consecutively, not concurrently, which sentence shall not be reduced or suspended.
As shown by the wording of section 97-37-37(2), Sallie’s sentence could not be enhanced unless the State proved that he was a convicted felon and that he used or displayed a firearm while committing a felony.
¶ 11. While not directly on point with the case at bar, Smith v. State, 106 So.3d 877 (Miss.Ct.App.2013), is certainly relevant. Smith explains that Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires that “other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” In Smith, the defendant argued that “the jury did not make the required factual findings for the sentence enhancement [provided in section 97-37-37(2) ].” Id. at 880 (¶ 4). We found that “every element [contained] in the sentence enhancement statute was contained in the indictment, submitted to the jury, and decided by the jury” because the indictment charged the defendant, a convicted felon, with using a firearm to commit an aggravated assault. Id. at 880 (¶ 6).
¶ 12. Like the defendant in Smith, Sallie was charged with two felonies: Count I, aggravated assault, and Count II, unlawful possession of a firearm by a convicted felon. Count I of the indictment specifically alleged that Sallie committed aggravated assault by “shooting Gregory Johnson in the back with a firearm.” Thus, the “used or displayed a firearm” and “while committing a felony” elements of the enhanced-sentence statute had been listed in the indictment. Count II of the indictment, alleging the unlawful possession of a firearm by a convicted felon, covered the convicted-felon element of the enhanced-sentence statute. Sallie cites no authority that the State is required to include the language of section 97-37-37(2) in the indictment before it may seek a sentence enhancement as required by the statute. We know of no authority holding that the indictment must make reference to the enhancement statute. Certainly, Rule 7.06 of the Uniform Rules of Circuit and County Court, specifying what the indictment must contain, does not require such inclusion. Therefore, contrary to Sallie’s claims, there was no unfair surprise regarding his sentence enhancement under section 97-37-37(2), and the enhanced portion of his sentence is legal. This issue is without merit.
¶ 13. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT, AND SEN *876 TENCE OF TWENTY YEARS; COUNT II, POSSESSION OF A WEAPON BY A CONVICTED FELON, AND SENTENCE OF TEN YEARS; WITH THE SENTENCES IN COUNT I AND COUNT II TO RUN CONCURRENTLY WITH EACH OTHER; AND AN ADDITIONAL TEN YEARS AS AN ENHANCEMENT FOR THE USE OF A FIREARM DURING THE COMMISSION OF A FELONY TO RUN CONSECUTIVELY WITH COUNTS I AND II, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. Cody Williams testified that he'was walking home with Johnson on that day and that Johnson had asked Sallie if he could talk to him. After Sallie refused and Williams failed to persuade Johnson to keep walking, the argument between Sallie and Johnson began, and Williams left.